**FILED - GR**

February 28, 2019 3:46 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__mkc__   SCANNED BY /___ 3/1/19

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

MR. JOHN MORALEZ, *IN PRO SE*
*PLAINTIFF*
5420 BECKLEY RD. #325
BATTLE CREEK, MI 49015
johnmoralez@netzero.net

CASE NO. ---------------------------------

**1:19-cv-157**

Robert J. Jonker
Chief U.S. District Judge

HON. ---------------

---AND----

THE ARBORS OF BATTLE CREEK
*DEFENDANT*
10 RAMBLING LANE
BATTLE CREEK, MI 49015
(269) 979-9500

ATTORNEY FOR DEFENDANT
MR. DAVID L. ZEBELL (P39939)
HUMBARGER, ZEBELL, PARKS & BIEBERICH, P.C.
3 HERITAGE OAK LANE
BATTLE CREEK, MI 49015
(269) 979-3990

## PLAINTIFF'S DISPOSITIVE MOTION FOR MANDAMUS RELIEF

### U.S. SIXTH CIRCUIT COURT OF APPEALS
### MANDAMUS PETITION REVIEWS
### CITED CASE LAW PRECEDENT

**Mandamus Relief is an extraordinary remedy, only infrequently utilized
by this Court. Our review of petitions for Mandamus Relief are usually limited
to "questions of unusual importance necessary to the economical and
efficient administration of justice," or "important issues of first impression."**
***(See EEOC v. K-Mart Corp., 694 F.2d 1055, 1061 (6th Cir. 1982).***
***(See also FDIC v. Ernst & Whinney, 921 F.2d 83, 85 (6th Cir. 1990).***

**"Fraud On The Court" refers to "the most egregious
conduct involving a corruption of the judicial process itself."**
***(See 11 Charles Alan Wright et al., Federal Practice & Procedure § 2870 (West 2011).***
***(See also Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010).***
***(See also Carter v. Anderson, 585 F.3d 1007, 1011–12 (6th Cir. 2009).***

This Court's explicit statement in *Demjanjuk* is that "[a]s an officer of the court, every attorney has a duty to be completely honest in conducting litigation." 10 F.3d at 352.
*(See Demjanjuk v. Petrovsky, 10 F.3d 338, 349 (6th Cir. 1993).*
*(See also Maloof v. Level Propane, Inc., 429 F. App'x 462, 467 (6th Cir. 2011).*

Courts have held that to find a 'Fraud On The Court," there must be evidence of a deliberate "unconscionable scheme."
Where the Petitioner is found to either be damaged or prejudiced due to an adversary's "fraud upon the trial court" necessitates the Petitioner being granted this extraordinary "Mandamus Relief" remedy.
*(See In re King World Prod., Inc., 898 F.2d 56, 59 (6th Cir. 1990).*
*(See also In re Bendectin Prods. Liab. Litig., 749 F.2d 300, 306 (6th Cir. 1984).*

## PLAINTIFF'S INTRODUCTION

### "ABUSE OF PROCESS"
### LEGAL STANDARDS

"To recover pursuant to a theory of abuse of process, a plaintiff must plead and prove (1) an ulterior purpose, and (2) an act in the use of process that is improper in the regular prosecution of the proceeding."
*(See Bonner v. Chicago Title Ins. Co., 194 Mich. App. 462 N.W.2d 807 (Mich. App. 1992).*
*(See also Westmac, Inc. v. Smith, 797 F.2d 313, 321 (6th Cir. 1986).*

### FEDERAL RULE 9 (B)
### LEGAL STANDARDS

In the Sixth Circuit, to meet the requirements that Rule 9 (b) of the Federal Rules of Civil Procedure imposes on fraud claims, a Plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."
*(See Frank v. Dana Corp., 547 F.3d 564, 569–70 (6th Cir. 2008).*
*(See also Little Caesar Enterprises, Inc. v. OPPCO, LLC, 219 F.3d 547, 551 (6th Cir. 2000).*
*(See also Farnsworth v. Nationstar Mortg., LLC, 569 F. App'x 421, 427 (6th Cir. 2014).*

## PLAINTIFF'S ARGUMENT

## MANDAMUS PETITIONS FOR RELIEF

*28 U.S.C. § 1361, 28 U.S.C. § 1651*

Mandamus Relief is appropriate only "in the exceptional case where there [has been] a clear abuse of discretion or usurpation of judicial power."
*(See Panhandle v. Eastern Pipe Line Co v. Thornton, 267 F.2d 459 (6th Cir. 1959).*
*(See also Hoffa v. Gray, 323 F.2d 178, 179 (6th Cir. 1963).*

*__Mandamus Relief is available if the trial court violates a duty__*
*__imposed by law or clearly abuses its discretion either in__*
*__resolving factual issues or in determining legal principles.__*
*__(See United States v. Ford (In Re Ford), 987 F.2d 334, 341 (6th Cir. 1992).__*
*__(See also John B. v. Goetz, 2008 WL 2520487 (6th Cir. June 26, 2008).__*

*__The U.S. Supreme Court and the Sixth Circuit Court have approved the use__*
*__of a writ of mandamus to review unique and important procedural questions.__*
*__(See Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).__*
*__(See also In re Bendectin Products Liability Litigation, 749 F.2d 300, 304 (6th Cir. 1984).__*
*__(concluding that the writ can be used as "a one-time only device to settle new__*
*__and important problems that might have otherwise evaded expeditious review.")__*

## PLAINTIFF'S STATEMENT OF THIS FEDERAL DISTRICT
## COURT'S ORIGINAL JURISDICTION OF THIS INSTANT CASE

### *TITLE 28 § 1361*

This Federal District Court has **original jurisdiction** of this case pursuant to *__28 U.S.C. §__*

*__1331__* and *__28 U.S.C. § 1367__* and this Federal District Court also has subject matter jurisdiction

to entertain the Plaintiff's Motion For Mandamus Relief request under **Section 1361** *(See*

*Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987); *(See also Roddy v. Grand Trunk W. R.R.,*

*Inc.,* 395 F.3d 318, 322 (6th Cir. 2005); *(See also Gentek Bldg. Prod., Inc. v. Steel Peel Litig.*

*Trust,* 491 F.3d 320, 325 (6th Cir. 2007).

While a district court may issue an order in the nature of mandamus under *§ 1361* only when

the duty owed the plaintiff is clear, **the district court may take jurisdiction to determine if**

**a clear duty is owed to the Plaintiff** *(See Maczko v. Joyce,* 814 F.2d 308, 310 (6th Cir. 1987);

*(See also Short v. Murphy,* 512 F.2d 374, 377 (6th Cir. 1975).

[T]he fact that a complaint may not state a claim upon which relief can be granted is of no

relevance to the question of subject matter jurisdiction" *(See Cherokee Exp., Inc. v. Cherokee*

*Exp., Inc.*, 924 F.2d 603, 609 (6th Cir. 1991); *(See also Berry v. U.S. Dep't of Labor,* 832 F.3d

627, 632 (6th Cir. 2016).

-3-

<u>*TITLE 28 § 1651*</u>

<u>***The All Writs Act provides that Article III courts generally "may
issue all writs necessary or appropriate in aid of their respective
jurisdictions and agreeable to the usages and principles of law."***</u>
*(See 28 U.S.C. § 1651(a)*;
*(See also In re Life Investors Ins. Co. of Amer.,* 589 F.3d 319, 330 (6th Cir. 2009).
*(See also Baze v. Parker,* 632 F.3d 338, 345 (6th Cir. 2011).

*28 U.S.C. § 1651* provides that federal courts "may issue all writs necessary or appropriate in

aid of their respective jurisdictions, ***<u>including writs in the nature of mandamus</u>"*** *(See Haggard*

*v. State of Tenn.,* 421 F.2d 1384, 1385 (6th Cir. 1970); *(See also In re Mechem,* 880 F.2d 872,

874 (6th Cir. 1989).

Although a federal court does not have the power to compel state officials / state actors to

enforce state rights, <u>**it may "issue a writ of mandamus ordering state actors** *(acting under the*</u>

<u>*color of law) (i.e. "The Defendant The Arbors of Battle Creek -- Defendant Legal Counsel*</u>

<u>*Mr. David Zebell") to enforce rights protected by federal law*</u>" *(See Hoffman v. Stump,*

97-2177, 1998 WL 869972, at *6 (6th Cir. Dec. 2, 1998); *(See also CBS Inc. v. Young,* 522 F.2d

234 (6th Cir. 1975).

<u>**("FRAUD UPON THE COURT" - NECESSITATING MANDAMUS RELIEF)**</u>
<u>**U.S. SIXTH CIRCUIT COURT OF APPEALS**</u>
<u>**LEGAL STANDARDS -- CITED CASE LAW PRECEDENT**</u>

<u>**Fraud is the knowing misrepresentation of a material fact, or concealment of the same
when there is a duty to disclose, done to induce another to act to his or her detriment.**</u>
<u>***(See Blacks Law Dictionary 685 (8th ed. 2004).***</u>
<u>***(See also 37 Am. Jur. 2d Fraud and Deceit § 23 (2001).***</u>
<u>***(See also O'Neal v. Burger Chef Systems, Inc.,* 860 F.2d 1341, 1347 (6th Cir. 1988).**</u>
<u>***(See also Jordan v. Paccar, Inc.,* No. 95-3478, WL 528950, at *5 (6th Cir. Sept. 17, 1996).**</u>

<u>**FEDERAL RULE 60 (D) (3)**</u>
<u>**THE FEDERAL PLAINTIFF STATES**</u>
<u>**AN "INDEPENDENT ACTION" CLAIM**</u>
<u>**IN THIS INSTANT CASE WITH THIS COURT**</u>

*Relief under Federal Rule 60 (D) (3), therefore, is usually "reserved for circumstances in which, for example, a bogus fabricated manufactured document is inserted in the court's administrative case record, or improper influence has been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged."*
*(See Morawski v. U.S. Dep't of Agric., No. 09-14568, slip. op., at \*7 (E.D. Mich. July 2002).*
*(See also Cunningham v. Sears, Roebuck & Co., 854 F.2d 914, 916 (6th Cir. 1988).*

## ESTABLISHING ARTICLE III FEDERAL LEGAL STANDING IN ADDRESSING ONLY ACTUAL "CASES OR CONTROVERSIES" FEDERAL COURTS STATE OF MICHIGAN TRIAL COURTS

Mootness is an extension of the U.S. Constitution's requirement of standing — the "irreducible constitutional minimum" needed to make a justiciable case or controversy *(See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). In practical terms, the standing requirement limits federal courts to addressing "only actual, ongoing cases or controversies" *(See Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990). "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief" *(See Carras v. Williams,* 807 F.2d 1286, 1289 (6th Cir. 1986). A court determines whether a case is moot "by examining whether an actual controversy between the parties exists in light of intervening circumstances" *(See Fleet Aerospace Corp. v. Holderman,* 848 F.2d 720, 723 (6th Cir. 1988).

With respect to the proper exercise of the "judicial power," the most critical element is the mandate that there exist a genuine case or controversy between the parties, meaning that the dispute between the parties **is real, not hypothetical** *(See Michigan Citizens for Water Conservation v Nestlé Waters North America Inc,* 479 Mich 280, 293; 737 NW2d 447 (2007); *(See also Bounds v Smith,* 430 US 817, 828; 97 S Ct 1491; 52 L Ed 2d 72 (1977).

Both the State of Michigan and Federal Constitutions confer only "judicial power" on the courts *(See US Const, art III, § 1, and Mich. Const 1963, art 3, § 2,* **and the United States Constitution expressly provides that judicial power is limited to cases and controversies** *(See US Const, art III, § 2 (See also Michigan Chiropractic Council v Comm'r of the Office of Financial & Ins Services,* 475 Mich 363, 369; 716 NW2d 561 (2006); *(See also Nat'l Wildlife Federation v Cleveland Cliffs Iron Co,* 471 Mich 608, 614-615; 684 NW2d 800 (2004); *(See also Lewis v Casey,* 518 US 343; 116 S Ct 2174; 135 L Ed 2d 606 (1996).

## THE MICHIGAN SUPREME COURT LEGALLY CONFIRMS THE FEDERAL ARTICLE III LEGAL STANDING DOCTRINE APPLIES TO THE STATE OF MICHIGAN'S TRIAL COURTS

In *Lee v Macomb Co Bd of Comm'rs,* 464 Mich 726; 629 NW2d 900 (2001), a majority of the

Michigan Supreme Court determined, **for the first time in Michigan jurisprudence,** that Article III federal legal standing was required by the Michigan Constitution, and, further, **that Michigan's standing doctrine should be abandoned in favor of the standing doctrine adopted by the United States Supreme Court in the context of the Federal Constitution.**

The *Lee/Cleveland Cliffs* majority explained that *Article III, § 1 of the Federal Constitution* grants federal courts only the "judicial power" and Article III, § 2 limits the judicial power to certain "Cases" or "Controversies" *(See Lee,* 464 Mich at 735. *Although the Michigan Constitution does not include "Cases" or "Controversies" requirements, the Lee / Cleveland Cliffs majority concluded that the Michigan Constitution is analogous to the Federal Constitution because it expressly requires the separation of powers and grants courts only the judicial power (See Cleveland Cliffs,* 471 Mich at 615; *Lee,* 464 Mich at 737- 738.

### HERE IN THIS INSTANT CASE -- DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL ILLEGALLY URGED (*THROUGH ILLEGAL SECRET CONDUCTED "EX-PARTE COMMUNICATIONS"*) THE STATE TRIAL COURT TO FIRST -- INTENTIONALLY FABRICATE AND MANUFACTURE -- FROM WHOLE CLOTH -- ARTICLE III FEDERAL LEGAL STANDING AND -- SECOND -- TO THEN KNOWINGLY SIGN, ISSUE AND ENTER INTO THE STATE TRIAL COURT'S ADMINISTRATIVE CASE RECORD -- A FRAUDULENTLY MANUFACTURED "DEFAULT JUDGMENT" COURT DOCUMENT

**A state court cannot declare the obligations and rights of parties regarding an issue if the issue is not justiciable, meaning that it does not entail a genuine, live controversy between interested persons who are asserting adverse claims, which, if decided, can affect existing legal relations** *(See Associated Builders & Contractors v Dep't of Consumer & Industry Services Director,* 472 Mich 117, 125; 693 NW2d 374 (2005); *Associated Builders, supra at 125, quoting Lujan v Defenders of Wildlife,* 504 US 555, 560-561; 112 S Ct 2130; 119 L Ed 2d 351 (1992).

**Michigan Law has historically required a "case or a controversy" to invoke a State of Michigan's judicial power.** (*See, e.g., Cleveland Cliffs*, 471 Mich at 626-628. Under the longstanding doctrine of stare decisis, "principles of law deliberately examined and decided by a court of competent jurisdiction should not be lightly departed" *(See Brown v Manistee Co Rd Comm,* 452 Mich 354, 365; 550 NW2d 215 (1996).

### (PLAINTIFF'S PRESENTED EXHIBIT 1 - THE DEFENDANT'S OCTOBER 22, 2018 FILED "DEFAULT JUDGMENT" DOCUMENT - FILED WITH THE STATE TRIAL COURT)

### INDISPUTABLY -- THE DEFENDANT AND THEIR LEGAL COUNSEL -- ON OCTOBER 22, 2018 ILLEGALLY FILED A COMPLETELY FABRICATED MANUFACTURED "DEFAULT JUDGMENT" COURT DOCUMENT INTO THE STATE TRIAL COURT'S ADMINISTRATIVE CASE RECORD THROUGH SECRET, ILLEGAL AND FRAUDULENT "EX-PARTE" COMMUNICATED CONDUCTED ACTIONS

In other words, an officer of the court *("i.e. Defendant Legal Counsel Mr. David Zebell")* must have intentionally or recklessly failed to disclose information to the state trial court that would have the result of fraudulently deceiving it -- which then "Mandamus Remedies" "prospective in nature,"-- are then immediately provided to the prejudiced injured Federal Plaintiff *("i.e. Mr. John Moralez")* -- in an effort to stop alleged still ongoing federal constitutional violations and to prevent future violations  *( Here -- on October 22, 2018 – in extremely transparent violation of Federal Rule 60 (D) (3) --"Defendant Legal Counsel David Zebell – Originally -- Fraudulently Engineered And Filed And Placed A State Trial Court Issued Fraudulently Manufactured Fabricated "Default Judgment" Court Document into the case's administrative record for this instant case).*  "Fraud Upon The Court" primarily turns upon whether it was perpetrated by an attorney *(See Demjanjuk v. Petrovsky,* 10 F.3d 338, 348 (6th Cir. 1993) *Demjanjuk,* 10 F.3d at 352. *(See also Workman v. Bell,* 178 F.3d 759 (6th Cir. 1998).

### DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL'S THREE (3) SEPARATELY IDENTIFIED INDISPUTABLE WELL DEMONSTRATED ILLEGALLY CONDUCTED 'EX-PARTE COMMUNICATIONS" WITH THE STATE TRIAL COURT JUDGE (OCTOBER 22, 2018 - DECEMBER 4, 2018 - JANUARY 25, 2019)

*("At the very least, participation in Ex Parte Communications will expose the judge to one-sided argumentation. At worst, [it] is an invitation to improper influence if not outright corruption.").*
*(See Rule 3 (h) (3) (A), Rules for Judicial-Conduct and Judicial-Disability Proceedings).*
*(See Woodruff v. Tomlin,* 593 F.2d 33, 44 (6th Cir. 1979).
*(See also In re Complaint of Judicial Misconduct,* 858 F.2d 331, 331-32 (6th Cir. 1988).

*" [N]ot only is it a gross breach of the appearance of justice when the Plaintiff's principal adversary is given private access to the ear of the court, it is a dangerous procedure." (See Carroll v. President & Comm'rs of Princess Anne, 393 U.S. 175, 183 (1968).*

*As Justice Frankfurter observed, "The appearance of impartiality is an essential manifestation of its reality." (See Dennis v. United States, 339 U.S. 162, 182 (1950).*

-7-

*("An ex parte communication between a trial court and opposing counsel '*
*[i]n addition to raising questions of due process ... involve [s] a breach of legal and judicial*
*ethics.  Regardless of the propriety of the court's motives in such a case ... the practice*
*should be discouraged since it undermines confidence in the impartiality of the court.' ")*
*(See 27 James Wm. Moore et al., Moore's Federal Practice ¶ 643.05 (3d ed. 2006).*

## (DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL'S THREE (3) SEPARATE ILLEGALLY CONDUCTED "EX-PARTE COMMUNICATIONS" IMPROPERLY INFLUENCED THE STATE TRIAL COURT AND ITS ABILITY TO FUNCTION (OCTOBER 22, 2018 - DECEMBER 4, 2018 - JANUARY 25, 2019)

**"Thus 'fraud on the court' is typically confined to the most egregious cases, such as improper influence exerted on the state trial court by an attorney, in which the integrity of the court and its ability to function impartially is directly impinged"** *(See Info-Hold, Inc. v. Sound Merchandising, Inc.,* **538 F.3d 448, 455 (6th Cir. 2008); (See also Thurmond v. Wayne County Sheriff Dept., 564 Fed. App'x 823, 827 (6th Cir. 2014).**

### THE FEDERAL DISTRICT COURT'S LEGALLY MANDATED "NON-DISCRETIONARY" "MINISTERIAL MANDAMUS RELIEF" TO BE IMMEDIATELY AWARDED TO THE FEDERAL PLAINTIFF

**Under Sixth Circuit Court Law, Mandamus Relief Is Appropriate If:** (i) there are no alternative means available for the Petitioner to obtain relief; (ii) the Petitioner will suffer irreparable harm; (iii) The Defendant's Illegally And Fraudulently Begotten Original **October 22, 2018** Signed And Entered State Trial Court Document *(i.e. The Plaintiff's Exhibit 1) — which is clearly erroneous as a matter of law* and **manifests persistent disregard of the federal rules** and/or **the Plaintiff's requested compelled act is "ministerial", "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment"** *as well settled by the Sixth Circuit Court:*

*(See EEOC v. K-Mart Corp.,* **694 F.2d 1055, 1061 (6th Cir. 1982).**
*(See also In re Bankers Trust Co.,* **61 F.3d 465, 469 (6th Cir. 1995).**
*(See also Ryon v. O'Neill,* **894 F.2d 199, 205 (6th Cir. 1990).**

### PER THE U.S. SIXTH CIRCUIT COURT OF APPEALS THIS FEDERAL DISTRICT COURT MUST IMMEDIATELY SET ASIDE, DISMISS AND VACATE ALL OF THE DEFENDANT'S FRAUDULENTLY MANUFACTURED AND FRAUDULENTLY ENGINEERED STATE TRIAL COURT RECEIVED COURT JUDGMENTS / ISSUED ORDERS PURSUANT TO FEDERAL RULE 60 (B) (4) - FOR "FRAUD UPON THE COURT"

-8-

## U.S. SIXTH CIRCUIT COURT OF APPEALS
## "MINISTERIAL NON-DISCRETIONARY MANDAMUS RELIEF"
## FEDERAL CASE LAW PRECEDENT - LEGAL STANDARDS

**Relief from a Void Judgment/Entered Order pursuant to Federal Rule 60 (B) (4)**
**is "not discretionary" -- regarding a judgment/order for "Fraud Upon The Court"**
*(See 12 Moore's § 60.81[1][b]; (See also 11 Wright & Miller § 2851, at 229 (same).*
*(See also Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1081 (6th Cir. 1990).*
*(See also O.J. Distrib., Inc. v. Hornell Brewing Co., 340 F.3d 345, 352 (6th Cir. 2003).*

*[Fraudulent conduct] on the part of an officer of the court (i.e. Defendant Legal Counsel*
*Mr. David Zebell; that A) is directed to the judicial machinery itself; B) is intentionally*
*false, willfully blind to the truth, or is in reckless disregard of the truth; C) is a positive*
*averment or a concealment when one is under a duty to disclose; and D) deceives*
*the court" -- automatically requires this Federal District Court to immediately*
*set aside, dismiss and vacate ALL of the State Trial Court's Issued Judgments /*
*Orders -- as well settled by the U.S. Sixth Circuit Court of Appeals.*
*(See Johnson v. Bell, 605 F.3d 333, 339 (6th Cir. 2010).*
*(quoting Carter v. Anderson, 585 F.3d 1007, 1011–12 (6th Cir. 2009).*
*(See also Workman v. Bell, 227 F.3d 331, 336 (6th Cir. 2000).*

**A Federal District Court must immediately grant a Federal Rule 60 (B) (4)**
**filed pending Motion To Set Aside and Vacate the assigned State**
**Trial Court Judge's illegally fraudulently entered "Void" Orders,**
**or the Court will be found to have AUTOMATICALLY abused their**
**discretion as well settled by the U.S. Sixth Circuit Court of Appeals.**
*(See Northridge Church v. Charter Twp. of Plymouth, 647 F.3d 606, 611 (6th Cir. 2011).*
*(See also Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006).*
*(See also Cunningham v. Sears, Roebuck & Co., 854 F.2d 914, 916 (6th Cir. 1988).*

*As stated in 7 J. Moore, Moore's Federal Practice ¶ 60.41[2] (2d ed. 1985), "since a void*
*judgment is legally ineffective it is subject to collateral attack at any time in any proceeding,*
*where the validity of the judgment is appropriately put in issue." A judgment is not void unless*
*the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process*
*of law." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and*
*Procedure § 2862 (2d 1995).*

## THE PLAINTIFF IS LEGALLY ENTITLED TO THE COURT'S
## "NON-DISCRETIONARY" MANDAMUS RELIEF - DUE TO THE
## DEFENDANT'S INDISPUTABLE "FRAUD UPON THE COURT"

**"It is beyond dispute that federal courts have jurisdiction over**
**suits to enjoin state officials/actors from interfering with federal rights."**
*(See Shaw v Delta Air Lines, Inc., 463 U.S. 85, 96 n. 14, 103 S. Ct. 2890, 77 L. Ed.2d 490*
*(1983) (citing Ex Parte Young, 209 U.S. at 160-62, 28 S. Ct. 441).*

However, **due to The Supremacy Clause,** The Arbors of Battle Creek *(i.e. The "Defendant")* **does not have the legal authority to declare any state remedy "exclusive of federal remedies"** *(i.e. "Mandamus Relief"/"All Writs Act") -- as well held by both the Sixth Circuit Court and the U.S. Supreme Court* *(See U.S. Const. art. VI, cl. 2; (See also Brown v. Owens Corning Inv. Review Comm.,* 622 F.3d 564, 569 (6th Cir. 2010); *(See also L & N Railroad Co. v. Donovan,* 713 F.2d 1243, 1245 (6th Cir. 1983); *(See also Nelson v. United States,* 107 F. App'x 469, 471 (6th Cir. 2004); *(See also Roberts v. Roadway Express, Inc.,* 149 F.3d 1098, 1105 (10th Cir. 1998); *(See also Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 63 (2004).

***Mandamus Relief Review must be confined to matters of usurpation of judicial power or clear abuse of discretion. (See Federal Deposit Ins. Corp. v. Ernst & Whinney, 921 F.2d 83, 86 (6th Cir. 1990). (See also In re Aetna Cas. & Sur. Co., 919 F.2d 1136, 1140 (6th Cir. 1990).***

The Sixth Circuit Court legally mandates this Federal District Court to grant this extraordinary remedy to the Federal Plaintiff - **in this instant case** *("i.e. Mandamus Relief") (cited above)* due to the State Trial Court **knowingly allowing** the *illegal, secret, prejudicial -* - **multiple conducted "Ex-Parte" Communications** to go on between the Defendant, Defendant's Legal Counsel and the State Trial Court -- **firmly corroborating the Defendant's well established indisputable "Fraud Upon The State Trial Court"** *(See United States v. Minsky,* 963 F.2d 870 (6th Cir. 1992); *(See also French v. Jones,* 332 F.3d 430 (6th Cir. 2003).

### PLAINTIFF'S STATEMENT OF ESTABLISHED MATERIAL FACTS

### THE DEFENDANT VOLUNTARILY INFORMS THE PLAINTIFF ON OCTOBER 19, 2018 THAT THERE IS NO ACTUAL ARTICLE III FEDERAL "CASE OR CONTROVERSY" TO LITIGATE WHATSOEVER

Entirely without dispute, on **Friday, October 19, 2018,** The Arbors of Battle Creek *("i.e. The Defendant Apartment Complex Landlord") voluntarily* initiated and requested to meet with Mr. John Moralez *("i.e. The Plaintiff Tenant")* -- regarding a purported "claim" that was apparently filed by the Defendant -- **sometime in September 2018** -- with the 10th District Court -- located in Battle Creek, MI (Calhoun County) -- accusing the Plaintiff of owing $576.00 in unpaid rent.

The Plaintiff personally attended and participated in the **October 19, 2018** meeting.

### THE DEFENDANT ACKNOWLEDGES TO THE PLAINTIFF THAT THE DEFENDANT DID NOT "SERVE" THEIR ORIGINALLY FILED COMPLAINT TO THE PLAINTIFF -- BY FIRST CLASS U.S. MAIL -- AT ALL -- IN VIOLATION OF BOTH MICHIGAN COURT RULES AND FEDERAL RULES MAKING THIS ENTIRE LEGAL EPISODE - "NULL AND VOID"

### FEDERAL RULE 12 (B) (5)
### FEDERAL COURT CASE LAW PRECEDENT

Rule 12 (B) (5) of the Federal Rules of Civil Procedure provides for dismissal of a litigant's

court filings if "service of process" was not timely made in accordance with Federal Rule of

Civil Procedure Rule 4 or was not properly served in the appropriate manner *(See Thomas v.*

*New Leaders for New Sch.,* 278 F.R.D. 347, 350 (E.D. La. 2011) *Thomas,* 278 F.R.D. at 349-

50 *(citing Wallace v. St. Charles Parish Sch. Bd., No.* Civ.A.04-1376, 2005 WL 1155770, at *1

(E.D. La. May 5, 2005).

A Rule 12 (B) (5) motion to dismiss "turns on the legal sufficiency of the service of process"

*(See Quinn v. Miller,* 470 Fed. Appx. 321, 323 (5th Cir. 2012).

The party making service has the burden of demonstrating its validity when a Rule 12 (B) (5)

objection to service is made." *(See Quinn,* 470 Fed. Appx. at 323 *(citing Carimi v. Royal*

*Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1992); *(See also Hayward,* 2010 WL

128320, at *1 *(citing Sys. Signs Supplies v. U.S. Dept. of Justice,* 903 F.2d 1011 (5th Cir. 1990).

At the **October 19, 2018** meeting -- which was held at the Defendant's administrative office –

the Defendant readily acknowledged to the Plaintiff -- that the Plaintiff was ***"never timely nor***

***formally served whatsoever -- by First Class U.S. Mail -- with the Defendant's September 2018***

***originally filed court claim/complaint"*** in blatant violation of Michigan Court Rule *("MCR")*

*4.201 (D)* -- **as well as formally demonstrating the Defendant's extremely transparent**

**violations of both Federal Rule 4 (A) (1) (C) and Federal Rule 60 (B) (4).**

"Service of process, under longstanding tradition in our system of justice, is fundamental to
any procedural imposition on a named "defendant" *(See Murphy Bros., Inc. v. Michetti Pipe
Stringing, Inc.*, 526 U.S. 344, 350, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999); *(See also
Cambridge Holdings Grp., Inc. v. Federal Ins. Co.,* 489 F.3d 1356, 1360 (D.C. Cir. 2007).

**<u>Federal Courts have "uniformly held a judgment is void where<br>the requirements for effective service have not been satisfied."</u>**

*(See Combs v. Nick Garin Trucking,* 825 F.2d 437, 442 & n. 42 (D.C. Cir. 1987).<br>*(See also cf. Cam. Hold. Grp., Inc. v. Fed. Ins. Co.,* 489 F.3d 1356, 1360 (D.C. Cir. 2007).

At the **October 19, 2018** meeting, the Defendant also voluntarily informed the Plaintiff *(after*

*the Defendant re-checked their official rent payment records regarding the Plaintiff)* -- **that the**

**Plaintiff had actually already paid $580.00 to the Defendant** -- and that the Defendant's

purported pending filed "claim" had already been completely satisfied -- **so there was no**

**<u>Federal Article III "Case or Controversy" -- which needed any state trial court based</u>**

**<u>intervention resolution -- at all.</u>**

### <u>THE DEFENDANT MUTALLY AGREED TO DISMISS<br>THEIR FILED COMPLAINT AGAINST THE PLAINTIFF ON<br>FRIDAY, OCTOBER 19, 2018 – ENTIRELY WITHOUT DISPUTE</u>

As such, both the Defendant and the Plaintiff mutually agreed -- on **Friday, October 19,**

**2018** -- that the Defendant would immediately inform their legal counsel -- Mr. David Zebell –

and direct Mr. Zebell to promptly inform the 10th District Court that this matter was clearly and

undeniably "moot" and that the Defendant would simply and immediately request dismissal of

the Defendant's originally **September 2018** filed claim against the Plaintiff -- since it was

completely satisfied.  Both the Defendant and the Plaintiff were in complete agreement

on **<u>October 19, 2018 -- that this matter was undeniably moot and completely satisfied.</u>**

### <u>THE DEFENDANT WILLFILLY VIOLATES *42 U.S.C. § 1983* AND *"THE DUE<br>PROCESS CLAUSE"* THE 14TH AMENDMENT -- BY KNOWINGLY PRESENTING<br>FABRICATED MANUFACTURED DOCUMENTARY CASE RECORD EVIDENCE<br>TO THE COURT -- EX-PARTE -- ON OCTOBER 22, 2018</u>

*<u>"A person's 14th Amendment due process rights are violated when<br>evidence is knowingly fabricated, manufactured and presented to the Court<br>making the "fabricated evidence" – a reasonable likelihood that the<br>false evidence would affect the decision of a jury in this instant case."</u>*

*(See Spurlock v. Satterfield,* 167 F.3d 995, 1005 (6th Cir. 1999).
*(See also United States v. Epley,* 52 F.3d 571, 576 (6th Cir.1995).
*(See also Webb v. United States,* 789 F.3d 647, 660 (6th Cir. 2015).

The basis of a fabrication-of-evidence claim under *42 U.S.C. § 1983* is an allegation that a

Defendant ***"knowingly fabricated manufactured evidence (i.e. The Defendant's original***

***October 22, 2018*** *Default Judgment Court Filed Document -- against the Plaintiff]",* and [that]

there is a reasonable likelihood that the false evidence could have affected the judgment of a

jury" *(See Stemler v. City of Florence,* 126 F.3d 856, 872 (6th Cir. 1997); *(See also Marie v. Am.*

*Red Cross,* 771 F.3d 344, 364 (6th Cir. 2014); *(See also Fisher v. Dodson,* 451 F. App'x 500,

501–02 (6th Cir. 2011).

The Plaintiff's protected constitutional rights to impartial fairness with the state trial court in

these legal proceedings -- are guaranteed under **BOTH** *42 U.S.C. § 1983 and the Fourteenth*

*Amendment"* **as long held by the Sixth Circuit Court** *(See Gregory v. City of Louisville,* 444

F.3d 725, 749–50 (6th Cir. 2006); *(See also Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir.

2007).

While "the Constitution guarantees a Defendant *(i.e. The Arbors of Battle Creek, Mr. David*

*Zebell)* a meaningful opportunity to present a complete defense" a Defendant does not have *"an*

*unfettered right to offer evidence that is fabricated, prejudicial, or otherwise inadmissible under*

*standard rules of evidence"* *(See United States v. Blackwell,* 459 F.3d 739, 753 (6th Cir. 2006);

*(See also United States v. Kernell,* 667 F.3d 746, 756 (6th Cir. 2012); *(See also Jones v. Clark*

*County,* No. 16-6281, 2017 WL 2297487 (6th Cir. May 25, 2017).

**ON OCTOBER 22, 2018 -- DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL
WHOLEHEARTEDLY AND WILLFULLY VIOLATES THE PLAINTIFF'S 14TH
AMENDMENT PROCEDURAL DUE PROCESS RIGHTS AND *42 U.S.C. § 1983*
BY KNOWINGLY COMMITTING "FRAUD UPON THE STATE TRIAL COURT"**

**MR. DAVID ZEBELL'S MEETS "EX-PARTE" WITH THE
ASSIGNED STATE TRIAL COURT JUDGE FRANKLIN K. LINE
FOR THE FIRST TIME TO FRAUDULENTLY URGE THE STATE
TRIAL COURT TO FABRICATE FROM WHOLE CLOTH – AN ILLEGALLY
MANUFACTURED FILED "DEFAULT JUDGMENT" COURT DOCUMENT**

### *28 U.S.C. § 1927* SANCTIONS - LEGAL STANDARDS
### SIXTH CIRCUIT COURT CASE LAW PRECEDENT

**A court may sanction an attorney pursuant to *§ 1927*, therefore, "without a finding of
bad faith, 'at least when an attorney knows or reasonably should know that a claim
pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the
litigation of nonfrivolous claims'"** *(See Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th
Cir. 1997); *(See also Jones v. Cont'l Corp.,* 789 F.2d 1225, 1230 (6th Cir. 1986).

**"A void judgment is one which, from its inception,
was a complete nullity and without legal effect…."**
*(See Jalapeno Prop. Mgmt., LLC v. Dukas,* 265 F.3d 506, 515 (6th Cir. 2001).
*(See also, e.g., North. Church v. Ch. Tp. of Plymouth,* 647 F.3d 606, 611-12 (6th Cir. 2011).

**On Monday, October 22, 2018** -- **having exactly zero (0) Federal Article III legal
standing** -- Defendant Legal Counsel Mr. David Zebell **STILL secretly and illegally met "Ex-
Parte"** with 10th District Court Judge Franklin K. Line and then fraudulently and personally
engineered -- and fraudulently manipulated the state court trial judge into -- **somehow** -- signing
and entering an extremely transparent -- illegally fraudulently manufactured – completely
fabricated "default judgment" court document -- against the Plaintiff -- in this matter -- even
though the Plaintiff had already paid the Defendant their requested rent -- **as even the**
**Defendant READILY ADMITTED TO THE PLAINTIFF on Friday, October 19, 2018 –**
**THREE (3) DAYS EARLIER -- IN PERSON.**

**ALL OF THE DEFENDANT'S STATE TRIAL COURT FILINGS
MUST BE IMMEDIATELY SET ASIDE, DISMISSED AND VACATED
BY THE COURT PER THE U.S. SIXTH CIRCUIT COURT OF APPEALS
*(SEE PLAINTIFF'S EXHIBIT 1 / ENCLOSED/ATTACHED)***

**Pursuant to Federal Rules of Evidence Rules 401 and Rule 403,** this Federal District
-14-

Court must immediately set aside, dismiss and vacate <u>ALL</u> of the Defendant's fraudulently engineered / fraudulently manufactured judgments / orders -- received from the State Trial Court -- regarding these pending legal matters -- since <u>ALL</u> of BOTH the Defendant's and The State Trial Court's filings <u>ALL RELY ON THE DEFENDANT'S FRAUDULENTLY ENGINEERED AND FRAUDULENTLY MANUFACTURED -- COMPLETELY FABRICATED -- OCTOBER 22, 2018 DEFAULT JUDGMENT ORIGINALLY FILED COURT DOCUMENT</u> *(See United States v. Hart,* 70 F.3d 854, 858 (6th Cir. 1995); *(See also Sykes v. Anderson,* 625 F.3d 294, 304 (6th Cir. 2010).

### <u>*YOU CAN'T EVEN MAKE THIS STUFF UP!!*</u>

***Since <u>all</u> of the Defendant's presented documentary evidentiary admissions*** -- to the State Trial Court -- are either "fabricated", "manufactured" "prejudicial" "meant to confuse the issues", or to "knowingly mislead a jury", or to "cause undue delay, and to "completely and needlessly waste the time of both the Plaintiff and the Court".....This Federal District Court must immediately and completely set aside, dismiss and vacate all of the Defendant's fraudulently obtained and fraudulently engineered orders / judgments -- received from the State Trial Court – and immediately sanction Defendant Legal Counsel Mr. David Zebell -- ***pursuant to Federal Rule of Civil Procedure Rule 60 (D) (3) and 28 U.S.C. § 1927 -- as well settled by the Sixth Circuit Court*** *(See Vasquez v. Jones,* 496 F.3d 564, 576 (6th Cir. 2007); *(See also United States v. Robinson,* 547 F.3d 632, 642 (6th Cir. 2008); *(See also Demjanjuk v. Petrovsky,* 10 F.3d 338, 352–53 (6th Cir. 1993); *(See also 11 Charles Alan Wright et al. Federal Practice & Procedure § 2870* (West 2011); *(See also Workman v. Bell,* 227 F.3d 331, 336 (6th Cir. 2000); *(See also Carter v. Anderson,* 585 F.3d 1007, 1011–12 (6th Cir. 2009).

*("Judges abuse the power of the judicial office when they abbreviate*
*or change critical aspects of the adversary process in ways that run counter*
*to the scheme established by relevant constitutional and statutory law.").*
*(See Jeffrey M. Shaman, Steven Lubet & James J. Alfini, Judicial Conduct and Ethics, § 2.07, at*
*50 (3d ed.2000); (See also 28 U.S.C. § 351(a); Shaman, Lubet & Alfini, supra, § 2.02, at 37.*

The presence of bad faith can render an exercise of legal judgment -- **judicial misconduct.**
**"Bad faith"** in this context means "acts within the lawful power of a judge which nevertheless
are committed for a corrupt purpose, *i.e., for any purpose other than the faithful discharge of
judicial duties'" (See Cannon v. Comm'n on Judicial Qualifications,* 537 P.2d 898, 909 (Cal.
1975); *(See Woodruff v. Tomlin,* 593 F.2d 33, 44 (6th Cir. 1979); *(See also In re Complaint of
Judicial Misconduct,* 858 F.2d 331, 331-32 (6th Cir. 1988).

**Even just a single error can lead to a finding of misconduct if the judge was acting in
bad faith or intentionally failed to follow the law.'** *("Allegations of prejudice are the bread-
and-butter of misconduct complaints and aren't normally dismissed as merits related."); (See
Comm'n on Judicial Performance v. Lewis,* 830 So. 2d 1138 (Miss. 2002); *(See also Judicial
Inquiry and Review Comm'n v. Lewis,* 568 S.E.2d 687 (Va. 2002).

Since **ALL** of the State Trial Court's issued orders / judgments are -- **entirely without
dispute** – **flagrantly unconstitutional** - *(specifically due to The State Trial Court's willful,
arbitrary, illegal and knowing "fraudulent deceptive bad faith" allowance of The Defendant's
extremely transparent violations of Federal Rule 60 (D) (3), Federal Rule 60 (B) (4),
28 U.S.C. § 1927 and Federal Rule 9 (B) for a complete lack of procedural due process) ("i.e.
The 14th "Due Process Clause" Amendment"),* this Federal District Court can immediately set
aside, dismiss and vacate all of the Defendant's fraudulently begotten and fraudulently
manufactured and engineered received state trial court judgments / orders -- *as well settled by
the U.S. Sixth Circuit Court of Appeals (See First Nat'l Bank of Salem, Ohio v. Hirsch,* 535
F.2d 343, 346(6th Cir. 1976); *(See also Sutton v. Cleveland Bd. of Educ.,* 958 F.2d 1339, 1350
(6th Cir. 1992); *(See also Women's Med. Prof'l Corp. v. Baird,* 438 F.3d 595, 611 (6th Cir.
2006).

## ON DECEMBER 4, 2018 -- DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL FOR THE SECOND TIME -- WHOLEHEARTEDLY AND WILLFULLY VIOLATES THE PLAINTIFF'S 14TH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS AND *42 U.S.C. § 1983* BY MEETING WITH THE STATE TRIAL COURT JUDGE FRANKLIN K. LINE -- "EX-PARTE" -- YET AGAIN -- KNOWINGLY COMMITTING "FRAUD UPON THE STATE TRIAL COURT" FOR THE SECOND STRAIGHT TIME

### MR. DAVID ZEBELL'S MEETS "EX-PARTE" WITH THE ASSIGNED STATE TRIAL COURT JUDGE FRANKLIN K. LINE FOR THE SECOND TIME

**On Tuesday, December 4, 2018** -- Defendant Legal Counsel Mr. David Zebell - **secretly
and illegally met "Ex-Parte" AGAIN** *(for the second straight time)* with 10th District Court
Judge Franklin K. Line -- to -- again -- fraudulently urge and fraudulently manipulate the state

court trial judge into signing and entering yet another completely fabricated baseless court order in favor of the Defendant -- in order to -- **somehow** -- support the Defendant's **October 22, 2018** fraudulently engineered, fraudulently manufactured originally filed default judgment court document -- with the State Trial Court.

### THE STATE TRIAL COURT WILLFULLY AND ILLEGALLY REFUSED TO CONDUCT A LEGALLY MANDATED EVIDENTIARY HEARING IN THIS INSTANT CASE WILLFULLY VIOLATING THE PLAINTIFF'S 14TH AMENDMENT DUE PROCESS RIGHTS

**Judges are presumed to know the law and apply it in making their decisions.**
*(See Lambrix v. Singletary,* 520 U.S. 518, 532 n. 4, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997).
*(See also Smith v. Mitchell,* 348 F.3d 177, 213 (6th Cir. 2003).
*(See also Moreland v. Bradshaw*, 699 F.3d 908, 916 (6th Cir. 2012).

Where a "Plaintiff seeks in effect to set aside [a] state court's order" based on allegations "that fraud has been perpetrated on the court," the "Plaintiff should first seek [a] remedy in state court, rather than federal court" *(citation and internal quotation marks omitted) (See Johnson v. Smithsonian Inst.,* 189 F.3d 180, 187 (2d Cir. 1999); *(See also Swiatkowski v. Citibank,* 745 F. Supp. 2d 150, 166 (E.D.N.Y. 2010).

**An evidentiary hearing is mandatory** (*when deciding questions/allegations of fraud on the court)* and a court's denial of an evidentiary hearing is reviewed for abuse of discretion -- **as well held by the Sixth Circuit Court** *(See Pola v. United States,* 778 F.3d 525, 532 (6th Cir. 2015); *(See also Paprocki v. Foltz,* 869 F.2d 281, 287 (6th Cir. 1989); *(See also United States v. Dado,* 759 F.3d 550, 559 (6th Cir. 2014) *(quoting United States v. White,* 492 F.3d 380, 408 (6th Cir. 2007).

Depriving a party in interest of his or her rights in a pending cause of action operates as a fraud on that person, and failure to advise the court of the true situation so that arrangements might be taken to give the party his or her day in court operates as a **fraud on the court** *(See Moody v Carnegie,* 356 Mich 434, 442; 97 NW2d 46 (1959); *(See also Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

On **Friday, December 14, 2018** -- the Plaintiff filed a still pending Motion To Set Aside, Dismiss and Vacate All The Court's Issued Orders *(with the 10th District Court)* -- because of Defendant Legal Counsel Mr. David Zebell's **indisputable** well-demonstrated committed "Fraud Upon The State Trial Court." To date, the Plaintiff's **December 14, 2018** filed pending Motion still remains completely unaddressed and completely unresolved by the State Trial Court.

*Since -- here -- the Plaintiff is complaining of an injury stemmed from the Defendant's filing of fabricated manufactured illegal court documents -- through illegal, secret and fraudulently conducted "Ex-Parte Communications" with the State Trial Court -- and not from any state court issued judgment -- the Rooker-Feldman Legal Doctrine -- will not apply whatsoever to this instant case.*

-17-

*(See Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432, 437 (6th Cir. 2006).*
*(See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,*
*125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).*

**"We have declined to apply Rooker-Feldman to claims for Prospective Relief."**
*(See Hood v. Keller, 341 F.3d 593 (6th Cir. 2003),*
*(See also Fieger v. Ferry, 471 F.3d 637 (6th Cir. 2006).*

**The Rooker-Feldman doctrine does not bar "a district court from**
**exercising subject-matter jurisdiction simply because a party attempts**
**to litigate in federal court a matter previously litigated in state court."**
*(See Exxon Mobil, 544 U.S. at 293;*
*(See also Evans v. Cordray, 424 F. App'x 537, 538 (6th Cir. 2011)*
*Evans, 424 F. App'x at 537).*

**As Plaintiff's presented Exhibit 2** -- the Plaintiff wrote -- **on Tuesday, December 18,**

**2018** -- to the Calhoun County Court's Chief Judge -- the Hon. Michael L. Jaconette -- formally

requesting that this entire legal matter be immediately reassigned to another state trial court

judge -- in accordance with the ***14th Amendment's "Due Process Clause," 28 U.S.C. § 455 (a),***

***(b) (1) and 28 U.S.C. § 144  (See Plaintiff's Exhibit 2 - Plaintiff's December 18, 2018 Written***

***Correspondence To The Hon. Michael L. Jaconette (Enclosed / Attached).***

**ON JANUARY 25, 2019 -- DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL**
**FOR THE THIRD TIME -- WHOLEHEARTEDLY AND WILLFULLY VIOLATES**
**THE PLAINTIFF'S 14TH AMENDMENT PROCEDURAL DUE PROCESS RIGHTS**
**AND *42 U.S.C. § 1983* BY MEETING WITH THE STATE TRIAL COURT JUDGE**
**FRANKLIN K. LINE "EX-PARTE" -- YET AGAIN -- KNOWINGLY COMMITTING**
**"FRAUD UPON THE STATE TRIAL COURT" FOR THE THIRD STRAIGHT TIME**

This legally mandated effort on the petitioner's part is to distinguish between *"errors that are merely reversible and not subject to mandamus, and those errors that are of such gravity that mandamus is proper,"* (See In re Bendectin Prods. Liab. Litig., 749 F.2d 300, 303 n.5 (6th Cir. 1984); (See also In re Chimenti, 79 F.3d 534, 540 (6th Cir. 1996).

The mandamus relief will only be granted when the petitioner shows that "its right to issuance of the writ is 'clear and indisputable.' "*(as in this well demonstrated instant case) (See In re Post-Newsweek Stations, Michigan, Inc., 722 F.2d 325, 329 (6th Cir. 1983) (quoting Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 384, 74 S. Ct. 145, 148, 98 L. Ed 106 (1953).

(1953). "[O]nly exceptional circumstances amounting to a *judicial 'usurpation of power'* will justify the invocation of this extraordinary remedy" *(See Will v. United States,* 389 U.S. 90, 95, 88 S. Ct. 269, 273, 19 L. Ed 2d 305 (1967); *(See also Bill Call Ford, Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir. 1995) *(quoting Taylor v. U.S. Parole Comm'n,* 734 F.2d 1152, 1155 (6th Cir. 1984).

## MR. DAVID ZEBELL'S MEETS "EX-PARTE" WITH THE ASSIGNED STATE TRIAL COURT JUDGE FRANKLIN K. LINE FOR THE THIRD TIME

**The requirement for "due process of law" functions somewhat like equity to require procedural fairness and to prohibit the state from conducting unfair or arbitrary proceedings.**
***(See Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).**
***(See also Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).**

**Typically, either some action taken by the state court or state court procedures in place have formed the barriers that the litigants are incapable of overcoming in order to present certain claims to the state court.**
***(See Hood v. Keller,* 341 F. 3d 593, 597 (6th Cir. 2003)**
***(See also Bates v. Twp. of Van Buren,* 459 F.3d 731 (6th Cir. 2006).**

**("Rooker-Feldman does not prevent a party from attacking opposing parties in state court proceedings or alleging that the methods and evidence were the product of fraud or conspiracy, regardless of whether his success on those claims might call the veracity of the state court judgments into question.").**
***(See In re Sun Valley Foods Co.,* 801 F.2d 186, 189 (6th Cir. 1986).**
***(See also Berry v. Schmitt,* 688 F.3d 290, 296 (6th Cir. 2012).**

**Federal Plaintiffs can sue in federal court for fraud and wrongdoing that allegedly produced a state-court judgment *(See McCormick, supra,* 451 F.3d at 392 *(district court had jurisdiction over claims that state-court judgments "were procured by certain Defendants through fraud, misrepresentation, or other improper means");***
***(See McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006).**
***(See also Evans v. Cordray,* 424 F. App'x 537, 538 (6th Cir. 2011).**

## FOR THE SECOND STRAIGHT TIME - THE STATE TRIAL COURT WILLFULLY AND ILLEGALLY REFUSES TO CONDUCT A LEGALLY MANDATED EVIDENTIARY HEARING COMMITTING EXTREMELY TRANSPARENT "FRAUD ON THE COURT"AND WILLFULLY VIOLATING THE PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS

"Long standing Michigan case law requires that when a party makes a motion alleging that fraud has been committed on the court, **an evidentiary hearing is required**" *(See Williams v Williams,* 214 Mich App 391, 394; 542 NW2d 892 (1995); *(See also Arim v General Motors Corp,*

-19-

206 Mich App 178, 195; 520 NW2d 695 (1994).

Only upon a fully conducted evidentiary hearing can any contested question of "fraud upon the court" be meaningfully determined *(See also Karasek* v. *Trust & Savings Bank,* 247 N.W. 765 (Mich 1933) *(See also Parlove v Klein,* 37 Mich App 537, 544-545; 195 N.W. 2d 3 (1972).

**On Thursday, January 17, 2019,** the Plaintiff filed a **second** pending filed Motion To Set Aside, Dismiss and Vacate All The Court's Issued Orders *(with the 10th District Court)* -- because of Defendant Legal Counsel Mr. David Zebell's **indisputable** well-demonstrated committed "Fraud Upon The State Trial Court."

**As Plaintiff's presented Exhibit 3** -- the Plaintiff wrote -- **for the second time** -- **on**

**Thursday, January 17, 2019** -- to the Calhoun County Court's Chief Judge -- the Hon. Michael

L. Jaconette -- requesting -- **yet again** -- that this entire legal matter be immediately reassigned

to another state trial court judge -- in accordance with the ***14th Amendment's "Due Process***

***Clause," 28 U.S.C. § 455 (a), (b) (1) and 28 U.S.C. § 144 (See Plaintiff's Exhibit 3 - Plaintiff's***

***January 17, 2019 Written Correspondence To The Hon. Michael L. Jaconette (Enclosed***

***/ Attached).***

To date, the Plaintiff's **January 17, 2019** filed pending Motion still remains completely unaddressed and completely unresolved by the State Trial Court.

### THE DEFENDANT'S UNCONSCIONABLE FRAUDULENT SCHEME WAS TO ILLEGALLY EVICT THE PLAINTIFF AND ILLEGALLY SEIZE THE PLAINTIFF'S PROPERTY AND BE OFFICIALLY FOUND BY THE STATE TRIAL COURT -- AS "ABOVE THE LAW" FEDERAL COURT CITED CASE LAW PRECEDENT - LEGAL STANDARDS

***MCL 600.2918 (2)* applies generally to Wrongful Eviction Claims in Michigan. *(See Barron v. Federal Home Loan Mortg. Corp.,* 2007 (E.D. Mich., Nov. 26, 2007). *(See also Cecil v. Viacom Outdoor Group, Inc.,* 2005 (E.D. Mich. Sept. 08, 2005).**

**Illegal Evictions *(Without The Due Process Of Law)* are strictly prohibited in the State of Michigan, and the Defendant's Illegal Eviction Of The Plaintiff -- In This Instant Case -- which the Defendant facilitated -- was "patently unlawful." *(See e.g., Thomas v. Cohen,* 304 F.3d 563 (6th Cir. 2002). *(See also Cox v. Drake,* 241 Fed. Appx. 237 (6th Cir. 2007).**

**As Plaintiff's presented Exhibit 4 -- Defendant Legal Counsel Mr. David Zebell illegally**

**met "Ex-Parte"** *(for now the third time)* with the Hon. Franklin K. Line on **Friday, January**

**25, 2019** -- as properly corroborated by the state trial court signed and entered "date issued" state

trial court filed document -- as Mr. Zebell -- **on January 25, 2019** -- illegally, personally and

fraudulently engineered the Plaintiff's legally baseless eviction -- **solely based on the**

**Defendant's illegally fabricated and fraudulently manufactured original October 22, 2018**

**"default judgment" state trial court filed document** *(See Plaintiff's Exhibit 4 - The*

*Defendant's January 25, 2019 Filed Application and Order of Eviction / Enclosed/Attached).*

At the time of the Defendant's **January 25, 2019** "Application for Plaintiff's Eviction" - court

filing -- **even the Defendant's own January 25, 2019 court filed document -- properly**

**confirms that the Plaintiff owed the Defendant - exactly zero (0) dollars for rent.**

**DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL WILLFULLY VIOLATES
THE PLAINTIFF'S FOURTH AMENDMENT CONSTITUTIONALLY PROTECTED
RIGHTS FROM AN EXTREMELY TRANSPARENT ILLEGAL SEIZURE OF
THE PLAINTIFF'S PROPERTY BY THE DEFENDANT ON JANUARY 28, 2019**

**The constitutional right to be free from the unreasonable seizure of property
is clearly established** *(See U.S. Const. amend. IV* **("The right of the people to
be secure in their persons, houses, papers, and effects, against
unreasonable searches and seizures, shall not be violated.")**

*(See Key v. Grayson,* **179 F.3d 996, 999-1000 (6th Cir. 1999).**
*(See also Risbridger v. Connelly,* **275 F.3d 565, 569 (6th Cir. 2002).**

**The U.S. Supreme Court has also recognized that the participation of a police officer
in an improper eviction constitutes a seizure in violation of the Fourth Amendment.**

*(See Soldal v. Cook County,* **506 U.S. 56, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992).**
*(See, e.g., Bonds v. Cox,* **20 F.3d 697, 702 (6th Cir. 1994);**
*(See also United States v. Robinson,* **430 F. 2nd 1141 (6th Cir. 1970).**

**Escorting tenants from their residences in the course of effectuating an eviction, as in
this case, satisfies the requirement of "meaningful interference" with their leasehold**

interest so as to amount to a seizure of their property.  In this regard, the lack of physical force is not terribly germane inasmuch as the police effectuated the eviction by the very apparent and not too subtle threat of physical force and dire legal consequences should the tenants not comply with the officers' instructions to vacate the property.  Under the well established indisputable material facts of this case, the Plaintiff therefore had a clearly established right to be free from such unconstitutional seizures.

*(See Haverstick Enters., Inc. v. Fin. Federal Credit, Inc., 32 F.3d 989, 994 (6th Cir. 1994).*
*(See also Megenity v. Stenger, 27 F.3d 1120, 1123-24 (6th Cir. 1994).*
*(See, e.g., Tulsa Professional Collection Services v. Pope, 485 U.S. 478,*
*485-86, 108 S.Ct. 1340, 1345,99 L.Ed. 2d 565 (1988).*
*(See also United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652,*
*1656, 80 L.Ed.2d 85 (1984).*

**As corroborated by Plaintiff's presented Exhibit 5** -- The Defendant personally worked

with the Calhoun County Sheriff – on an **"Emergency"** basis -- to -- **on January 28, 2019** –

- forcibly and illegally evict the Plaintiff and willfully violate the Plaintiff's Constitutionally

Protected Fourth Amendment Rights from The Defendant's extremely transparent illegal seizure

of the Plaintiff's "property" -- **on January 28, 2019 *(See Plaintiff's Exhibit 5 - Calhoun County***

***Sheriff's January 28, 2019 "24 Hours "Emergency" Based Order of Eviction" / Enclosed***

***/Attached).***

## THE PLAINTIFF'S STATED FEDERAL CLAIMS
## IN THIS INSTANT PENDING CASE

### PLAINTIFF'S FEDERAL CLAIM #1
### U.S. Const. Amend XIV, § 1.

**The Fourteenth Amendment provides that no state shall deprive**
**any person of life, liberty or property without due process of law.**
*(See Singfield v. Akron Metropolitan Housing Auth., 389 F.3d 555, 565 (6th Cir. 2004).*
*(See also Johnston-Taylor v. Gannon, 907 F.2d 1577, 1581 th (6th Cir. 1990).*

### PROCEDURAL DUE PROCESS CLAUSE - 14TH AMENDMENT
**"But because state action is a prerequisite to due process claims,**
**this is a threshold—and dispositive—issue in this case."**
*(See Waters v. City of Morristown, 242 F.3d 353, 359 (6th Cir. 2001).*
*(See also Northrip v. Fed. Nat'l Mortg. Ass'n, 527 F.2d 23, 25 (6th Cir. 1975).*

### PLAINTIFF'S FEDERAL CLAIM #2
#### *42 U.S.C. § 1983*

"[F]or constitutional violations under *§ 1983*, a Plaintiff must demonstrate
that the state actor *(i.e. "Defendant Legal Counsel Mr. David Zebell")* directly
participated' in the alleged misconduct, at least by encouraging, implicitly authorizing,
approving or knowingly acquiescing in the misconduct, if not carrying it out himself.")
*(See Flagg v. City of Detroit,* 715 F.3d 165, 174 (6th Cir. 2013).
*(See also Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999).
*(See also Bishop v. Hackel,* 636 F.3d 757, 765 (6th Cir. 2011).
*(See also Summar v. Bennett,* 157 F.3d 1054, 1058 (6th Cir. 1998).

### PLAINTIFF'S FEDERAL CLAIM #3
#### U.S. Const. Amend. IV

The constitutional right to be free from the unreasonable
seizure of property is clearly established.   U.S. Const. Amend. IV

The Plaintiff also alleges a violation of the Fourteenth Amendment,
which protects against deprivation of property without due process of law.
*(See Fuentes v. Shevin,* 407 U.S. 67, 80–81 (1972).
*(See also Cox v. Drake,* 241 Fed. Appx. 237 (6th Cir. 2007).

### NO ADEQUATE REMEDY AVAILABLE AT COURT

### THE DEFENDANT ILLEGALLY WORKED WITH THE STATE TRIAL COURT TO ILLEGALLY AND FRAUDULENTLY CIRCUMVENT THE PLAINTIFF'S POSTDEPRIVATION RIGHTS IN ACCORDANCE WITH FEDERAL LAW LEGALLY MANDATING THE COURT'S ISSUANCE OF MANDAMUS RELIEF TO THE PREJUDICED IRREPARABLY HARMED FEDERAL PLAINTIFF

Due Process is required to prevent, to the extent
possible, an erroneous deprivation of property.
*(See Gilbert v. Homar,* 520 U.S. 924, 930–32, 117 S.Ct. 1807, 138 L.Ed.2d 120 (1997).
*(See also Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

### IRREPARABLE HARM - MANDAMUS REMEDIAL RELIEF

"The petitioner will be damaged or prejudiced
in a way not correctable on appeal"
*(See In re Bendectin Prods. Liab. Litig.,* 749 F.2d 300, 304 (6th Cir. 1984).
*(See also In re Chimenti,* 79 F.3d 534, 540 (6th Cir. 1996).

"The temporary loss of a constitutional right constitutes **irreparable harm** which cannot be
adequately remedied by an action at law ….. ("[w]hen constitutional rights are threatened or

impaired, **irreparable injury is presumed"**) *(See Connection Distrib Co v Reno,* 154 F3d 281, 288 (6th Cir. 1998); *(See also Obama for Am v Husted,* 697 F3d 423, 436 (6th Cir. 2012) **("it is well- settled that loss of 14th Amendment due process rights, for even minimal periods of time, unquestionably constitutes irreparable injury'"**) *(See G & V Lounge, Inc v Michigan Liquor Control Com'n,* 23 F3d 1071, 1079 (6th Cir. 1994); *(See also Caspar v Snyder,* 77 F Supp 3d 616, 640 (ED Mich 2015).

Indeed, "it is always in the public interest to prevent violation of a party's constitutional rights" *(See Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty.*, 274 F.3d 377, 400 (6th Cir. 2001); *(See also S. Glazer's Distribs. of Ohio, LLC v. Great Lakes Brewing Co.,* 860 F.3d 844, 849 (6th Cir. 2017).

**"The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired"**
*(See In re Lott,* 424 F.3d 446, 449 (6th Cir. 2005).
*(See In re Perrigo Co.,* 128 F.3d 430, 435 (6th Cir. 1997).

It's also entirely without dispute that by Statute *(See MCL 600.5741)* and by *Michigan Court Rule ("MCR") 4.201 (K) (1) (D)* -- **the Plaintiff was legally entitled to ten (10) business days to -- at least have the opportunity -- to file a postjudgment motion and/or appeal** *(which then legally and automatically STAYS THE SUMMARY EVICTION PROCEEDINGS)* - - **AFTER THE PLAINTIFF** -- receives **BOTH** -- the State Trial Court's issued entered final judgment and the Defendant's **January 25, 2019** Application For An Order of Eviction -- **AND AFTER BOTH** the State Trial Court and the Defendant properly and timely **"served"** the Plaintiff -- by First Class U.S. Mail -- in accordance with MCR 4.201 (D).

### THE DEFENDANT'S EXTREMELY TRANSPARENT *14TH AMENDMENT/42 U.S.C. § 1983/4TH AMENDMENT FEDERAL LAW VIOLATIONS IN THIS INSTANT CASE*

### NONE OF THIS REQUIRED LEGAL ACTION HAS TAKEN PLACE AT ALL BY EITHER THE DEFENDANT NOR THE STATE TRIAL COURT COMPLETELY AND FRAUDULENTLY CIRCUMVENTING AND EVISCERATING THE PLAINTIFF'S APPELLATE RIGHTS

*As a threshold matter,* **Mandamus Relief is available** if the state trial court violates a duty imposed by law or clearly abuses its discretion either in resolving factual issues or in determining legal principles when there is no other adequate remedy at law, **such as a normal appeal** *(See United States v. Ford (In Re Ford)*, 987 F.2d 334, 341 (6th Cir. 1992); *(See also John B. v Goetz,* 2008 WL 2520487 (6th Cir. June 26, 2008).

Because of the Defendant's ***still ongoing*** 14th Amendment Due Process Violations -- the Court is not stripped of jurisdictional grants found in other sources of the law, including *28 U.S.C. § 1361 (mandamus)* - **for an *ongoing* federal violation** *(See Wedgewood Ltd. Partnership I v. Township Of Liberty, Ohio*, 610 F.3d 340, 354 (6th Cir. 2010), *quoting*

*Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 542 (1985).

The U.S. Sixth Circuit Court of Appeals has well settled that "the state is required to provide an immediate and meaningful postdeprivation administrative legal process, because "[f]undamental fairness expects more than mere state tort remedies where [the] government *(i.e. "State Trial Court" and "The Defendant")* dispossesses its citizens from their homes" *(See J.C. Flatford v. City of Monroe,* 17 F.3d 162 (6th Cir. 1994) *Flatford,* 17 F.3d at 169; *(See also Leary v. Daeschner,* 228 F.3d 729, 742 (6th Cir. 2000); *(See also Bonds* v. Cox, 20 F.3d 697, *702* (6th Cir. 1994).

The U.S. Supreme Court has recognized that the "right to maintain control over [one's] home, and to be free from governmental interference, is a private interest of historic and continuing importance." *(See also United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 53, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993) *("The right to prior notice and a hearing is central to the Constitution's command of due process.") Good Real Prop.,* 510 U.S. at 44, 114 S.Ct. 492. *(See also Thaddeus-X v. Blatter,* 175 F.3d 378, 388 (6th Cir. 1999).

Here - **indisputably** -- The Defendant knowingly violated both the stated and cited Michigan Statute and Michigan Court Rules besides knowingly and illegally circumventing the Plaintiff's 14th Amendment Procedural Due Process Rights / Fourth Amendment Rights and *42 U.S.C. § 1983* rights -- in this instant case -- leading to the Plaintiff filing these multiple Federal Claims in U.S. District Court -- **since the state's "postdeprivation" administrative legal processes have been indisputably proven as both illegally fraudulent and completely inadequate** -- **in this instant case** *(See Sproul v. City of Wooster,* 840 F.2d 1267, 1270 (6th Cir. 1988); *(See also McLaughlin v. Weathers,* 170 F.3d 577, 580 (6th Cir. 1999) *("Even if the statute was not facially constitutional, we would require [plaintiff] to prove the absence of adequate state remedies."); (See also Nat'l Communications Sys., Inc. v. Mich. Pub. Serv. Comm'n,* 789 F.2d 370, 372 (6th Cir. 1986) *("[I]n section 1983 damage suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes.") (See also Wagner v. Higgins,* 754 F.2d 186, 192 (6th Cir. 1985).

### THE PLAINTIFF'S STATED FEDERAL CLAIMS
### LEGAL STANDARDS
### SIXTH CIRCUIT COURT CASE LAW PRECEDENT

**Federal Courts consider actions "under color of law" as the equivalent of "state action" under the Fourteenth Amendment.**
***(See Rendell-Baker v. Kohn,* 457 U.S. 830, 838, 102 S. Ct. 2764, 2769 (1982).**
***(See also Redding v. St. Edward,* 241 F.3d 530 (6th Cir. 2001).**

**"Some rights established either by the Constitution or by Federal Law are protected from both governmental and private deprivation."**
***(See Flagg Bros. v. Brooks,* 436 U.S. 149, 156, 98 S. Ct. 1729, 1733 (1978).**
***(See also Spadafore v. Gardner,* 330 F.3d 849, 854 (6th Cir. 2003).**

**A private actor may be subjected to liability under *§ 1983* only if he caused the deprivation of a federal right under color of state law.**
***(See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).**
***(See also DiLuzio v. Village of Yorkville, Ohio*, 796 F.3d 604, 615–16 (6th Cir. 2015).**

## 14th AMENDENT PROCEDURAL DUE PROCESS CLAIMS
## SIXTH CIRCUIT COURT LEGAL STANDARDS

**"To establish a procedural due process claim, a plaintiff must show (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the . . . interest."**
***(See Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).**
***(See also Jasinski v. Tyler*, 729 F.3d 531, 541 (6th Cir. 2013).**

"'In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest without *due process of law.'" (See Edison v. State of Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 635 (6th Cir. 2007) *Edison,* 510 F.3d at 635 *(quoting Zinermon v. Burch*, 494 U.S. 113, 125 (1981).

"Procedural due process claims are examined under a two-part analysis. First, [] court[s] must determine whether the interest at stake is a protected liberty or property right under the Fourteenth Amendment. Only after identifying such a right do [courts] continue to consider whether the deprivation of that interest contravened notions of due process." *(See Thomas v. Cohen,* 304 F.3d 563, 576 (6th Cir. 2002) *(citing, inter alia, Bd. of Regents v. Roth,* 408 U.S. 564, 570- 71, 92 S. Ct. 2701, 2705-06 (1972); *(See also KY Dep't of Corrs. v. Thompson,* 490 U.S. 454, 460, 109 S. Ct. 1904, 1908 (1989); and *(See also Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901 (1976).

Although the Fourteenth Amendment's Due Process Clause provides procedural safeguards where a protected property interest exists, "[p]roperty interests are not created by the Constitution." *Id. (citing Cleveland v. Bd. of Educ. of Loudermill,* 470 U.S. 532, 538, 105 S. Ct. 1487, 1491 (1985). Rather, property interests are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . ." *Id. (quoting Roth,* 408 U.S. at 577, 92 S. Ct. at 2709).

## MICHIGAN LAW - CONFIRMING PLAINTIFF'S "PROPERTY RIGHTS" STATING A 14TH AMENDMENT "PROPERTY RIGHT CLAIM" SIXTH CIRCUIT COURT LEGAL STANDARDS

**For example, "[a] property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances."**
***(See Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004).**
***(See also Bailey v. Fl. Cty Bd. of Educ*, 106 F.3d 135, 141 (6th Cir. 1997).**

**"The U.S. Supreme Court has described 'the root requirement' of the Due Process Clause as notice and an opportunity to be heard before one is deprived of a significant property interest."**
*(See Wedgewood Ltd. v. Tship Of Liberty, Ohio, 610 F.3d 340, 354 (6th Cir. 2010), quoting Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542 (1985).*

## THE PLAINTIFF -- INDISPUTABLY -- "STATES A FEDERAL 14th AMENDMENT "PROPERTY INTEREST" PROCEDURAL DUE PROCESS CLAIM

Specifically, John Moralez *("i.e. The Plaintiff')* -- **indisputably** -- has a recognized 14th Amendment constitutionally protected **"property interest"** in this instant case *(See United States v. Hunyady,* 409 F.3d 297, 301 (6th Cir. 2005); *(See also Leary v. Daeschner,* 228 F.3d 729, 742 (6th Cir. 2000). *(See also Bonds* v. Cox, 20 F.3d 697, *702* (6th Cir. 1994).

**Under Michigan Law, tenants holding leasehold estates have a recognized "property interest"** *(See MCL § 600.5701 (Michigan's landlord tenant statute)  (See MCL § 600.2918; M.S.A. § 27A.2918, (See also MCL 554.134; (See also 2 Cameron, Michigan Real Property Law (ICLE, 1993), Landlord and Tenant, §§ 20.57, 20.58, p. 929 (See also 20 Am Jur 2d, § 98, p 198; Callaghan's Michigan Civil Jurisprudence, Tenants in Common and Joint Tenants, §§ 7 and 10, pp 146, 150-151; (See Merritt v Nickelson,* 407 Mich 544, 555; 287 NW2d 178 (1980); *(See also Flatford v. City of Monroe,* 17 F.3d 162, 170 n. 8 (6th Cir. 1994); *(See also Bartell v. Lohiser,* 215 F.3d 550, 557 (6th Cir. 2000).

## PLAINTIFF'S *42 U.S.C. § 1983* STATED CLAIMS
## SIXTH CIRCUIT COURT CASE LAW PRECEDENT

**"Section 1983 is the statutory vehicle for bringing a claim based on an alleged violation of his Fourteenth Amendment procedural due process rights."**
*(See Lomaz v Hennosy,* 151 F. 3d 493, 500 (6th Cir. 1998).*
*(See also Christophel v. Kukulinsky,* 61 F.3d 479, 485 (6th Cir. 1995)*

**Further, A federal plaintiff asserts a valid claim under *42 U.S.C. § 1983* for deprivation of rights, privileges, and immunities guaranteed by the Fourteenth Amendment to the United States Constitution.**
*(See Chapman v. Higbee Co.,* 319 F.3d 825, 833 (6th Cir. 2003).*
*(See also Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).*

## *42 U.S.C. § 1983* STATED CLAIMS
## SIXTH CIRCUIT COURT LEGAL STANDARDS
## FOR PRIVATE PARTIES QUALIFYING AS A "STATE ACTOR"

**In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State."**

*(See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982);*
*(See also Street v. Corr. Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996).*

## THE DEFENDANT KNOWINGLY VIOLATES THE PLAINTIFF'S FOURTH AMENDMENT PROTECTED RIGHTS AGAINST THE DEFENDANT'S ILLEGAL SEIZURE OF PLAINTIFF'S PROPERTY

*"If a private party ("i.e. Defendant Legal Counsel Mr. David Zebell) has engaged with state officials ("i.e. The State Trial Court / Calhoun County Sheriff") to violate constitutional rights, then -- that party qualifies as a state actor and will be held liable pursuant to 42 U.S.C. § 1983")* *(See Moore v. City of Paducah,* 890 F.2d 831, 834 (6th Cir. 1989) *(holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability) (See also Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992); *(See also Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980); *(See also United States v. Price,* 383 U.S. 787 (1966) *(stating that to act under color of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.)*; *(See also Hooks v. Hooks,* 771 F.2d 935, 943 (6th Cir. 1985) *("Private persons jointly engaged with state officials in a deprivation of civil rights are acting under color of law for purposes of § 1983.") (See also Cooper v. Parrish, 203 F.3d 937, 952 n.2 (6th Cir. 2000).*

*"It is undisputed that ... Fourteenth Amendment protections, codified in [Section] 1983, are triggered in the presence of state action" (See Lansing v. City of Memphis, 202 F.3d 821, 828 (6th Cir. 2000); (See also e.g. Fox v. Van Oosterum, 176 F.3d 342, 348 (6th Cir. 1999). In a Section 1983 action, a Plaintiff must show that the Defendant was "personally involved" in the alleged constitutional violation) (See Heyerman v. County of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012); (See also Hooks v. Hooks, 771 F.2d 935 943-44 (6th Cir. 1985).*

## ("SUMMARY PROCEEDINGS") -- IN MICHIGAN -- FOR POSSESSION - CAN BE "FRESHLY LITIGATED")

### **"To establish a procedural due process claim, a federal plaintiff must show that the state did not afford [him] adequate procedural rights."**
*(See Daily Services, LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014);
*(See also Jefferson v. Jefferson County Public School System,* 360 F.3d 583 (6th Cir. 2004).

*Mich. Comp. Laws § 600.5750* provides that a judgment in summary proceedings, i.e., a judgment for possession, "does not merge or bar any other claim for relief." Interpreting this statute, the Michigan Supreme Court explained that a judgment obtained in a summary proceeding does not bar claims that "could have been brought" during summary proceedings but were not *(See Sewell v. Clean Cut Mgmt., Inc.,* 621 N.W.2d 222, 225 (Mich. 2001); *(See also Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir. 1995).

**THE DEFENDANT WILL BE AUTOMATICALLY AND LEGALLY PRECLUDED FROM STATING A ROOKER-FELDMAN LEGAL DOCTRINE AFFIRMATIVE DEFENSE IN THIS INSTANT CASE**

**Neither the Rooker-Feldman Legal Doctrine nor *28 U.S.C. § 1257* prevents a Federal District Court from exercising subject matter jurisdiction in a case where a party attempts to litigate in federal court a matter previously litigated in state court, if the Plaintiff "asserts an independent claim."**
***(See Federal Rule 60 (D) (3) - cited above)***

**("[A] complaint in which the plaintiff contends he was injured by the defendant, rather than by the state court decision itself, is not barred by Rooker–Feldman, even if relief is predicated on denying the legal conclusion reached by the state court."); Here -- The Plaintiff's filed federal claims -- flow from the Defendants' alleged conduct, rather than the state court ruling itself.**
**Thus, the Rooker-Feldman Legal Doctrine does not bar the Plaintiff's claims.**
***(See Burks v. Washington Mut. Bank, F.A., No. 07-13693 (E.D. Mich. Nov. 17, 2008).***
***(See also Rice v. Wojtowicz, No. 13-CV-12456 (E.D. Mich. Sept. 27, 2014).***

**The [Rooker-Feldman Doctrine] can apply only where the plaintiff had a "reasonable opportunity" to raise his federal claim in state proceedings.  Where the plaintiff has had no such opportunity, he cannot fairly be said to have failed to raise the issue *(See Above)***
***(See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-416, 44 S.Ct. 149, 68 L.Ed. 362 (1923);***
***(See also District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486, 103 S. Ct. 1303, 75 L.Ed 2d 206 (1983).***

**THE DEFENDANT'S INDISPUTABLE WELL DEMONSTRATED THREE (3) SEPARATE SECRETLY AND ILLEGALLY CONDUCTED "EX-PARTE COMMUNICATIONS" WITH THE STATE TRIAL COURT JUDGE LEGALLY CONFIRMS THE DEFENDANT'S "FRAUD UPON THE COURT"WHICH IS THE ULTIMATE SOURCE OF THE PLAINTIFF'S INJURIES IN THIS CASE**

**Nevertheless, an issue cannot be inextricably intertwined with a state court judgment if the plaintiff did not have a "reasonable opportunity" to raise the issue in state court proceedings.  Absent such an opportunity, it is impossible to conclude that the issue was inextricably intertwined with the state court judgment.**

**As a result, the federal district court's jurisdiction does not trench on the exclusive authority of the U.S. Supreme Court to review state court decisions for errors of federal law. . . .**

-29-

As illustrated in *Todd v. Weltman, Weinberg & Reis Co., L.P.A.,* 434 F.3d 432, 436-37 (6th Cir. 2006), the Rooker-Feldman Legal Doctrine is not triggered simply because the Plaintiff's filed complaint has some relationship to a state court judgment, but instead there is federal court jurisdiction when the Plaintiff's claim presents an independent federal claim that the Plaintiff was injured and prejudiced -- here in this instant case -- by the Defendants three (3) separate -- secretly and illegally conducted "Ex-Parte Communications" personally conducted with the assigned State Trial Court Judge *("i.e. The Hon. Franklin K. Line")* in a state court proceeding *(See Powers v. Hamilton County Public Defender Com'n, -* F.3d -, 2007 WL 2428315 (6th Cir. 2007) *(See also Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs*., 241 F. App'x 285, 287 (6th Cir. 2007).

Indeed -- **as in this instant case** -- since the Plaintiff has specifically and well demonstrated that fraud, deception, accident, or mistake contributed to a state-court judgment, **there is a wide road indeed around the *Rooker-Feldman Legal Doctrine*** *(See McCormick v Braverman,* 451 F. 3d 382, 393 (6th Cir. 2006); *McCormick, supra,* 451 F. 3d at 392 *(district court had subject-matter jurisdiction over claims that state-court judgments "were procured by the Defendant through fraud, misrepresentation, or other improper means"); (See also Brown v. First Nationwide Mortg. Corp*., 206 F. App'x 436, 440 (6th Cir. 2006) *("Brown's claim that the mortgage foreclosure decree was procured by fraud is not barred by Rooker-Feldman.")*

### THE PLAINTIFF HAS SPECIFICALLY DEMONSTRATED THE DEFENDANT'S ILLEGAL UNCONSCIONABLE FRAUDULENT SCHEME TO ILLEGALLY SEIZE THE PLAINTIFF'S PROPERTY

"Specifically, a plaintiff must allege the time, place, and content of the alleged fraudulent misrepresentation [on which he relied]; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud" *(See U.S. ex rel. Sheldon v. Kettering Health Network*, No. 15-3075 F.3d  2016 WL 861399, *6 (6th Cir. 2016); *(See also U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.,* 532 F.3d 496, 505 (6th Cir. 2008).

 Thus, to determine whether the Rooker-Feldman Legal Doctrine bars the Plaintiff's claim, we must look to the "source of the injury" alleged in the federal complaint.  It bears repeating that "[i]f a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ., then there is subject matter jurisdiction *(See Exxon Mobil Corp v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *(See also Executive Arts Studio, Inc. v. City of Grand Rapids,* 391 F.3d 783, 793 (6th Cir. 2004).

### DEFENDANT LEGAL COUNSEL MR. DAVID ZEBELL FRAUDULENTLY DECEIVED THE STATE TRIAL COURT INTO SIGNING AND ENTERING A COMPLETELY FABRICATED MANUFACTURED "DEFAULT JUDGMENT" COURT DOCUMENT IN THIS CASE FROM THE INSTANT CASE'S OUTSET – FRAUDULENTLY MANUFACTURING FEDERAL ARTICLE III STANDING

That is -- the state trial court must have been fraudulently deceived into issuing the wrong decree *(See Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986); *Sun Valley Foods Co.*, 801 F.2d at 189; *(See also see Catz v. Chalker,* 142 F.3d 279, 294 (6th Cir. 1998). As a constitutional minimum, the state-court proceedings must 'satisfy the applicable requirements of the Due Process Clause' in order for their decisions to warrant preclusive effect" *(See Abbott v. Mich,* 474 F.3d 324, 331 (6th Cir. 2007); *Abbott,* 474 F.3d at 331 *quoting Kremer v. Chem. Const. Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982). Federal law dictates that "only those interests to which one has a legitimate claim of entitlement," including but not limited to "statutory entitlements," **are protected by the Due Process Clause** *(See Hamilton v. Myers,* 281 F.3d 520, 529 (6th Cir. 2002); *(See also Fellowship of Christ Church v. Thorburn,* 758 F. 2d 1140 (6th Cir. 1985).

### THE DEFENDANT WILL ALSO BE LEGALLY PRECLUDED FROM REQUESTING THIS FEDERAL DISTRICT COURT FROM EXERCISING A "YOUNGER ABSTENTION" DUE TO THE DEFENDANT'S "FLAGRANT UNCONSTITUTIONALITY" IN THIS CASE

#### *(See Younger v. Harris,* **401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971).** *(See also Hayse v. Wethington,* **110 F. 3d 18, 20 (6th Cir. 1997).**

If, however, *(as well demonstrated in this instant case)* a federal plaintiff can demonstrate extraordinary circumstances such as the defendant's deceptive fraudulent bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, **then a federal court will immediately decline to abstain** (*See Fieger v. Thomas,* 74 F. 3d 740, 750 (6th Cir. 1996); *(See also Cooper v Parrish,* 203 F. 3d 937, 954 (6th Cir. 2000); *(See also Sevier v Turner,* 742 F. 2d 262, 269-70 (6th Cir. 1984).

***Demjanjuk* defined fraud on the court as conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.**

***Demjanjuk v. Petrovsky,* 10 F.3d 338, 352–53 (6th Cir. 1993).**

***A judgment rendered in violation of procedural due process is Void in the rendering State and is not entitled to full faith and credit elsewhere*** *(See Pennoyer v. Neff,* 95 U.S. 714, 732-733 (1878); *[See also World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286 (1980)].

In determining the applicability of the *Younger* abstention rule. The Court should consider three factors:

**(1) whether there is a pending state proceeding;** *(on **January 25, 2019** -- The Defendant already filed a "**Final**" Eviction Order Application with the 10th District Court which the Defendant specifically executed -- by illegally evicting --The Plaintiff on **January 28, 2019).**

The Plaintiff's protected constitutional rights to impartial fairness with the state trial court in these legal proceedings -- are guaranteed under *42 U.S.C. § 1983 and the Fourteenth Amendment" **as long held by the Sixth Circuit Court** (See Gregory v. City of Louisville,* 444 F.3d 725, 749–50 (6th Cir. 2006); *(See also Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).

**(2) whether an adequate opportunity is provided to raise the constitutional claims in the state proceeding;** *(The Calhoun County Court's Chief Judge Hon. Michael L. Jaconette -- willfully and arbitrarily chose to never respond -- at all -- to the Plaintiff's **two** (dated **December 18, 2018** and **January 17, 2019**) issued written requests to honor the Plaintiff's legally mandated 14th Amendment **("Due Process Clause")** right -- of having an "impartial state court trial judge" actually hear and adjudicate these presented legal claims)* and

"[T]he existence of personal and/or subject matter jurisdiction may be raised at any time, by any party, or even *sua sponte* by the court itself" *(See In re Lewis,* 398 F.3d 735, 739 (6th Cir. 2005). **Moreover, the parties cannot confer personal and/or subject-matter jurisdiction where it does not otherwise exist** *(See Sweeton v. Brown,* 27 F.3d 1162, 1168-69 (6th Cir. 1994).

**(3) whether there are extraordinary circumstances which nevertheless warrant federal intervention** *(i.e. The Defendant completely fabricating and fraudulently manufacturing Article III Federal Legal Standing -- from the instant case's original outset -- in order to illegally and fraudulently seize the Plaintiff's property -- by first -- **on October 22, 2018** -- The Defendant illegally obtaining -- through illegal, secret and prejudicial conducted "Ex-Parte Communications" -- with the State Trial Court -- a fraudulently manufactured signed and entered legally baseless "Default Judgment" Court "Originally" Filed Document -- based on exactly zero (0) legal grounds -- from the State Trial Court) (See Zalman v. Armstrong,* 802 F.2d 199, 202 (6th Cir. 1986); *(See also Tindall v. Wayne County Friend of the Court,* 269 F.3d 533, 538 (6th Cir. 2001).

## CONCLUSION AND "PROSPECTIVE" MANDAMUS RELIEF REQUESTED

**The U.S. Constitution confers on the federal courts the power to "order state actors/officials *(acting under the color of law)* to comply with federal law"**
*(See New York v. United States*, 505 U.S. 144 (1992);
*(See also Gregory v. Ashcroft,* 501 U.S., at 452, 457, 111 S.Ct., at 2400 (1991);

**The threat of prejudice is greatest when a state trial court judge prejudicially overpowers the parties and/or when he unduly interferes with the proceedings arbitrarily and impartially ruling against one party *(i.e. The Plaintiff")***
*(See United States v Hickman,* 592 F. 2d 931, 933 ( 6th Cir. 1979).
*(See also United States v Slone,* 833 F. 2d 595, 598 (6th Cir. 1987).

## ALL OF THE STATE TRIAL COURT'S PREVIOUSLY ISSUED JUDGMENTS/ORDERS ARE ALL *VOID AB INITIO* IN THIS INSTANT CASE AND MUST BE IMMEDIATELY SET ASIDE, DISMISSED AND VACATED BY THE FEDERAL DISTRICT COURT

*"But I don't want to go among mad people," Alice remarked.*
*"Oh, you can't help that," said the Cat: "we're all mad here.*
*I'm mad. You're mad." "How do you know I'm mad?" said Alice.*
*"You must be," said the Cat, "or you wouldn't have come here."*

— Lewis Carroll, Alice in Wonderland

*The presented and specifically explained documentary evidence in this motion brief well demonstrates the State Trial Court's arbitrary and illegal intention and **impermissible motive** - in this instant case - and that was to illegally and arbitrarily to throw the case **(and willfully allow and assist with The Plaintiff's multiple protected Constitutional Rights to be completely eviscerated by the Defendant)** -- to the Defendant and Defendant Legal Counsel Mr. David Zebell - despite the voluminous documentary evidentiary proof presented by the Plaintiff to the State Trial Court in opposition - making this entire proceeding - a complete fraudulent "sham."*

**("A single instance of serious, egregious legal error, particularly one involving the denial to individuals of their basic or fundamental rights, may amount to judicial misconduct.")**
*(citing Jeffrey M. Shaman, Judicial Ethics, 2 Geo. J. Legal Ethics 1, 9 (1988).*
*(See also Panhandle v. Eastern Pipe Line Co v. Thornton, 267 F.2d 459 (6th Cir. 1959).*
*(See also Grutter v James 288 F 3d 732 (6th Cir. 2002).*

**Accordingly, "due process requires that a hearing. . . ' be a real one, not a sham or a pretense."**
*(See Opdyke Inv. Co. v. City of Detroit, 883 F. 2d 1265, 1273 (6th Cir. 1989).*
*(See also Westmac, Inc. v Smith, 797 F. 2d 313, 315 (6th Cir. 1986).*

**Rather, the hallmark of a sham proceeding is where the outcome of the hearing was predetermined beforehand regardless of the proof presented... and does not afford due process to the Plaintiff.**
*(See Watkins v. City of Battle Creek, 273 F.3d 682, 686 (6th Cir. 2001).*
*(See also Wagner v. City of Memphis, 971 F.Supp. 308, 318-19 (W.D. Tenn. 1997).*

### SIXTH CIRCUIT COURT CASE LAW PRECEDENT

*Cf. In re Sun Valley Foods Co. v. Detroit Marine Terminals, Inc.*, 801 F.2d 186, 189 (6th Cir. 1986) *(finding that "[a] federal court may entertain a collateral attack on a state court judgment which is alleged to have been procured through fraud, deception, accident, ... mistake" **or other gross procedural error)**; (See Mehdipour v. City of Oklahoma City,* 161 F.3d 18, 1 (6th Cir. 1998); *(See also Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990).

*(See Hosp. Underwriting Group, Inc. v. Summit Health, Ltd.,* 63 F.3d 486, 494 (6th Cir. 1995) *Hosp. Underwriting Group, Inc.,* 63 F.3d at 495 *(observing that a state-court judgment could be found "void" and "collaterally attacked if the court lacked subject matter jurisdiction over the case, personal jurisdiction over the parties or jurisdiction to render the particular judgment given, or .....__if the judgment was the product of specific demonstrative fraud"__) (See Kremer v. Chem. Constr. Corp.* 456 U.S. 461, 482, 102 S.Ct. 1883, 72 L.Ed.2d 262 (1982); *(See also Kalb v. Feuerstein,* 308 U.S. 433, 438, 60 S.Ct. 343, 84 L.Ed. 370 (1940).

*__("If The State, however, demonstrably failed to satisfy the applicable requirements of the Due Process Clause - then the issued State Court Judgments (i.e. The 10th District State Trial Court Issued Judgments/Issued Orders) are to be immediately considered void ab initio by the Federal District Court -- and immediately set aside and completely vacated per Federal Rule 60 (B) (4) (See Fair Hous. Advocates Ass'n v. City of Richmond Heights,__* **209 F.3d 626, 635-36 (6th Cir. 2000); *(See also Jordan v. Gilligan,* 500 F.2d 701, 704 (6th Cir. 1974).**

**(*See Osborn v. Ashland County Bd. of Alcohol, Drug Addiction & Mental Health Servs.,* 979 F.2d 1131, 1134 (6th Cir. 1992) *(stating that "[a] judgment . is void for failure to meet the minimal procedural requirements of the Fourteenth Amendment's Due Process Clause [and] is not subject to the Full Faith and Credit Act") (See also Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 108 (6th Cir. 1995).**

## THE STATE TRIAL COURT'S SUBSTANTIAL PREJUDICE AGAINST THE PLAINTIFF IN THIS INSTANT CASE WILL LEGALLY MANDATE THE FEDERAL DISTRICT COURT TO IMMEDIATELY GRANT THE PLAINTIFF MANDAMUS SUMMARY JUDGMENT RELIEF IN THIS CASE PURSUANT TO FEDERAL RULE 56, FEDERAL RULES 60 (B) (3) AND (4)

### "The source of the ("Defendant's) mandatory duty can be a statute, a regulation, or result from judicial precedent" *(See Buchanon v. Apfel,* 249 F.3d 485 (6th Cir. 2001). *(See also Brewer v. Dahlberg,* 942 F.2d 328 (6th Cir. 1991).

### The Plaintiff has a well demonstrated clear legal right to the Defendant's performance of the specific duty sought to be compelled;

__Since -- in this instant case --__ *__the Petitioner's right to the Writ of Mandmaus is "clear and indisputable"__* the Federal District Court can immediately issue the "prospective relief" pursuant to the Defendant's **indisputable multiple constitutional violations** with respects to the Plaintiff -- which undoubtedly have occurred in this instant case *(See United States v. Sch. Dist. of Ferndale, Mich.,* 577 F.2d 1339, 1352 (6th Cir. 1978); *(See also Six Clinic Holding Corp. II v. Cafcomp Sys., Inc.,* 119 F.3d 393, 399 (6th Cir. 1997); *(See also Cheney v U.S. Dist. Court,* 542 U.S. 367, 380-81 (2004).

*As a threshold matter,* **Mandamus Relief is available** if the trial court violates a duty imposed by law or clearly abuses its

discretion either in resolving factual issues or in determining legal principles when there is no other adequate remedy at law, **such as a normal appeal** *(See United States v. Ford (In Re Ford)*, 987 F.2d 334, 341 (6th Cir. 1992); *(See also John B. v. Goetz,* 2008 WL 2520487 (6th Cir. June 26, 2008).

"Summary judgment is appropriate when, construing the facts and drawing all reasonable inferences in favor of the nonmoving party, *("The Defendant")* there is no genuine dispute regarding any material fact and the moving party *("The Plaintiff")* is entitled to judgment as a matter of law" *(See Baker Hughes Inc. v. S&S Chem., LLC,* 836 F.3d 554, 559–60 (6ᵗʰ Cir. 2016) *(citing Rocheleau v. Elder Living Constr., LLC,* 814 F.3d 398, 400 (6th Cir. 2016); *(See also Fed. R. Civ. P. 56(a).*

 The Sixth Circuit Court has instructed federal district courts to immediately grant summary judgment to the party whose "story" and version of events is properly corroborated by presented documentary evidence and appropriately cited case law precedent and that party - in this instant case - is clearly the Plaintiff - *a non-licensed attorney appearing Pro-Se (See Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989) *Street,* 886 F.2d at 1479-80; *(See also Guarino v. Brookfield Twp. Trustees,* 980 F.2d 399, 404 (6th Cir. 1992); *(See also Austin v. Redford Twp. Police Dept.,* 690 F.3d 490, 496 (6th Cir. 2012).

### THE FEDERAL DISTRICT COURT'S NON-DISCRETIONARY MINISTERIAL DUTY TO AWARD "PROSPECTIVE MANDAMUS RELIEF" HERE - THE PLAINTIFF WAS LEGALLY ENTITLED TO AN IMPARTIAL STATE TRIAL COURT JUDGE PER THE 14TH AMENDMENT'S DUE PROCESS CLAUSE

**The requested compelled act is ministerial, "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment"** *as well settled by the Sixth Circuit Court (See EEOC v. K-Mart Corp.,* **694 F.2d 1055, 1061 (6th Cir. 1982); *(See also In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir. 1995); *(See also Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir. 1990).**

Further, there is absolutely no dispute - in this instant case - that the Plaintiff has colorably demonstrated *(with voluminously presented documentary evidentiary proof to this Federal District Court)* that he has exhausted all other appropriate avenues of relief and that any further exhaustion should be excused by the Court -- *as well settled by the Sixth Circuit Court (See Slone v Secretary of Health and Human Services,* 825 F. 2d 1081, 1083 (6th Cir. 1987); *(See also Bisson v Secretary of Health and Human Services,* 787 F. 2d 181, 185 (6th Cir. 1986).

### PROCEDURAL DUE PROCESS LEGAL ANALYSIS

The Due Process Clause of the Fourteenth Amendment requires a fair hearing in a fair tribunal before a judge with no actual bias against the Plaintiff or an interest in the outcome of the case *(See Bracy v. Gramley,* 520 U.S. 899, 904-05 (1997); *(See also Clemmons v. Sowders,* 34 F.3d 352, 356 (6th Cir. 1994).

To state a claim that a judge is biased, a petitioner must show either actual bias or the appearance of bias creating a conclusive presumption of actual bias and be adverse to the petitioner to a substantial degree *(See, e.g., McBee v. Grant,* 763 F.2d 811, 818 (6th Cir. 1985); *(See also United States v. Lowe,* 106 F.3d 1498, 1504 (6th Cir. 1997).

## THE STATE TRIAL COURT'S WELL DOCUMENTED EGREGIOUS MISCONDUCT AGAINST THE PLAINTIFF COMPLETELY DESTROYS THE COURT'S IMPARTIAL DUE PROCESS LEGALLY MANDATED TO TAKE PLACE IN THIS INSTANT CASE

### SIXTH CIRCUIT COURT CASE LAW PRECEDENT

"[T]he touchstone of due process analysis . . . is the fairness of the state trial court's proceedings," *(See Serra v. Mich. Dep't of Corr.,* 4 F.3d 1348, 1355 (6th Cir. 1993) *(quoting Smith v. Phillips,* 455 U.S. 209, 219 (1982).

"To constitute a denial of due process to the Plaintiff, *(in the instant case)* the state trial court's well documented misconduct must be 'so pronounced and persistent that it permeates the entire atmosphere of the state trial court's proceedings'" *(See Byrd v. Collins,* 209 F.3d 486, 529-30 (6th Cir. 2000) *(quoting Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir. 1997); *(See also Slagle v. Bagley,* 457 F.3d 501, 515-16 (6th Cir. 2006).

The Sixth Circuit Court has well held where the state trial court's *("i.e. judicial/legal court officers")* proceedings and documented prejudicial misconduct was so openly and flagrantly egregious *(as is the unquestioned case in these state trial court proceedings) which indisputably has infected the state trial court's proceedings with unfairness -- which clearly makes the entire state trial court conducted proceedings -- an unquestioned denial of due process to the Plaintiff (See Macias v. Makowski,* 291 F.3d 447, 451 (6th Cir. 2002) *Macias,* 291 F.3d at 452; *(See also United States v. Carter,* 236 F.3d 777, 783 (6th Cir. 2001); *(See also United States v. Payne,* 2 F. 3d 706, 715-16 (6th Cir. 1993).

The U.S. Supreme Court has "found structural error only in a very limited class of cases - rendering the proceedings inherently flawed" -- but rather to determine whether the state trial court's application of clearly established federal law is objectively *unreasonable (See Johnson v. United States,* 520 U.S. 461, 468 (1997); *(See also Van v. Jones,* 475 F.3d 292, 313 (6th Cir. 2007).

**These structural errors include: a lack of an impartial trial judge who conducts the proceedings.**
*(See Ambrose v. Booker,* 684 F.3d 638, 649 (6th Cir. 2012);
*(See also Francis v. Henderson,* 425 U.S. 536, 542 (1976).
*(See also Kotteakos v. United States,* 328 U.S. 750, 765 (1946).

## THE FEDERAL DISTRICT COURT MUST IMMEDIATELY GRANT THE FEDERAL PLAINTIFF THE EXTRAORDINARY MANDAMUS PROSPECTIVE RELIEF REMEDIES

**Judicial misconduct may be established when "the judge's order
is an unwarranted prejudgment of the merits of the case, and well
demonstrates an alignment on the part of the Court with one of the parties."
*(See United States v. Blood,* 435 F.3d 612, 629 (6th Cir. 2006).
*(See also United States v. Morrow,* 977 F.2d 222, 225 (6th Cir. 1992).**

## BOTH THE U.S. SUPREME COURT AND THE SIXTH CIRCUIT COURT LEGALLY MANDATE THE FEDERAL COURT'S "AUTOMATIC REVERSALS"

**The harmless-error doctrine does not apply to claims of judicial bias...
when judicial misconduct has occurred, reversal is automatic.
*(See United States v. Powers,* 500 F.3d 500, 506 (6th Cir. 2007).
*(See also United States v. Davis,* 361 F. App'x. 632, 634 (6th Cir. 2010).**

In this instant case, since there is absolutely no dispute that both the state trial court judge -- the Hon. Franklin K. Line and Defendant Legal Counsel Mr. David Zebell -- have both committed well demonstrated abuses of discretion, the U.S. Supreme Court mandates that the state trial court's "structural errors of law defects" committed by Judges Line and the Hon. Michael L. Jaconette -- against the Plaintiff -- **must be automatically remedied -- with "prospective Mandamus Relief" -- including but not limited to the Automatic Reversal of ALL of the State Trial Court's illegally issued and entered Orders / Judgments *(including but not limited to the State Trial Court's January 25, 2019 signing and entering a "Final Eviction Of The Plaintiff")* *(See Turney v. Ohio,* 273 U.S. 510 (1927); *(See also United States v. Cronic,* 466 U.S. 648, 659 & n.25 (1984); *(See also Schriro v. Landrigan,* 127 S. Ct. 1933, 1939 (2007).

*Automatic reversal of ALL of the State Trial Court's issued entered court orders are immediately required (in this instant case)* since the state trial court's well documented "errors of law" are "structural defects" that have permeated [t]he entire conduct of the state trial court's proceedings from the beginning to present and/or have completely affect[ed] the legal framework from which the state trial court's proceedings have been conducted **without analysis for prejudice or harmless error** *(See Arizona v. Fulminante,* 499 U.S. 279, 306 (1991); *(See also Hill v. Hofbauer,* 337 F.3d 706, 716 (6th Cir. 2003). *(See also Taylor v. Withrow,* 288 F.3d 846, 852 (6th Cir. 2002). *(See also United States v. Minsky,* 963 F.2d 870 (6th Cir. 1992).

The U.S. Sixth Circuit Court of Appeals instructs District Courts -- upon clear showing that the State Trial Court's ***"arbitrary and prejudicial administrative procedures"*** have resulted in actual and substantial prejudice to the Plaintiff – **must immediately reverse ALL** of the State Trial Court's prejudiced arbitrarily issued and entered court orders - which have gone against the complaining litigant *(i.e. The Plaintiff")* *(See Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed.Appx. 597, 599 (6th Cir. 2003); *(See also In re Air Crash Disaster,* 86 F.3d 498, 516 (6th Cir. 1996); *(See also Doe v. Lexington-Fayette Urban County Gov't,* 407 F.3d 755, 765 (6th Cir. 2005).

**<u>Decisions that are completely unreasonable, and arbitrary, will be immediately</u>**

**<u>overturned</u>**" *(See Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 480 (6th Cir. 2003); *(See also*

*Cummings v. City of Akron,* 418 F.3d 676, 682 (6th Cir. 2005); *(See also Tompkins v. Crown*

*Corr, Inc.,* 726 F.3d 830, 837 (6th Cir. 2013).

**Dated:    February 28, 2019**                          **Respectfully Submitted,**

-------------------------------------------------------------

**John Moralez,** *In Pro Se*
*Plaintiff*
**5420 Beckley Road., #325**
**Battle Creek, MI 49015**
**johnmoralez@netzero.net**



