UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |
|---|---|
| JOHN MORALEZ, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-157 |
|  | ) Honorable Robert J. Jonker |
| THE ARBORS OF BATTLE CREEK, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This is a civil action brought *pro se* by John Moralez. On February 28, 2019, plaintiff filed a document labeled as "PLAINTIFF'S DISPOSITIVE MOTION FOR MANDAMUS RELIEF." (ECF No. 1). The Court docketed this document as a complaint and a motion because "[t]here is one form of action—the civil action." FED. R. CIV. P. 2. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Plaintiff named his former landlord as the defendant and he seeks a writ of mandamus providing "Automatic Reversal of ALL of the State Trial Court's illegally issued and entered Orders/Judgments (*including but not limited to the State Trial Court's January 25, 2019 signing and entering a 'Final Eviction Of The Plaintiff'*)." (ECF. No. 1, PageID.37). Upon review, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and that plaintiff's motion be dismissed as moot.

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.' " *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064. " 'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction." *Id.* (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

Plaintiff was involved in a landlord/tenant lawsuit in Michigan's Tenth District Court. On January 25, 2019, Judge Franklin Line entered an order of eviction. (ECF No. 1-1, PageID.62).

This court lacks jurisdiction to grant plaintiff relief from the state court's orders and judgment. *See Zerilli v. Thornton*, 428 F.2d 476, 477 (1970) ("Mandamus cannot be used to compel a judge to decide a case a particular way, and it cannot be used as a substitute for an appeal."); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (1970) ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties."); *see also Goldman v. Bridenstein*, No. :18-cv-143, 2018 WL 5773187, at *1 (W.D. Mich. Nov. 2, 2018) (collecting cases). Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

-

**Recommended Disposition**

For the reasons set forth herein, I recommend the plaintiff's complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction and that his motion (ECF No. 1) be dismissed as moot.


Dated:  March 6, 2019             /s/  Phillip J. Green            
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).