UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN MORALEZ,

      Plaintiff,

v.                                                    CASE NO. 1:19-CV-157

THE ARBORS OF BATTLE CREEK,         HON ROBERT J. JONKER

      Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

### INTRODUCTION

The Court has reviewed Magistrate Judge Green's Report and Recommendation in this matter (ECF No. 5) and Plaintiff's Objections to the Report and Recommendation (ECF No. 6). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Green's Report and Recommendation is factually sound and legally correct in recommending dismissal. The Court adopts and expands some aspects of the Report and Recommendation, as provided in this Order.

**BACKGROUND**

Plaintiff used to be a tenant of Defendant. Sometime in September or October of 2018 a dispute arose about rent. Legal proceedings were instituted against Plaintiff in the Battle Creek State District Court. While proceedings were pending, Plaintiff says the parties reached an out of court agreement during an October 19, 2018 meeting. Plaintiff alleges that the agreement rendered the legal proceedings moot, but Defendant nevertheless continued to pursue an eviction in the State Court. Through the use of fabricated documents and repeated fraud upon the State Court, Defendant and its counsel allegedly obtained a default judgment against Plaintiff. On January 25, 2019, the State Court entered an Order of Eviction. (ECF No. 1-1, PageID.62).

On February 28, 2019 Plaintiff, proceeding *pro se*, filed a forty-page document in this Court entitled "Plaintiff's Dispositive Motion for Mandamus Relief." (ECF No. 1). The Clerk docketed the motion in a new civil action. *See* FED. R. CIV. P. 2, 3. In his motion, Plaintiff asserts Defendant, its counsel, and the State Court have all violated his state and federal rights. He seeks an order from this Court to "immediately and completely set aside, dismiss and vacate all of the Defendant's fraudulently obtained and fraudulently engineered orders / judgments – received from the State Trial Court – and immediately sanction Defendant Legal Counsel[.]" (ECF No. 1, PageID.15).

On March 4, 2019, Magistrate Judge Green granted Plaintiff's application for leave to proceed *in forma pauperis*. Then, on March 6, 2019, the Magistrate Judge issued a Report and Recommendation that recommended this Court dismiss the Complaint for lack of subject matter jurisdiction. (ECF No. 5). Plaintiff has since filed his Objection to the Report and Recommendation.

## PLAINTIFF'S OBJECTION

Plaintiff brings two overarching objections. First, he argues that by issuing the Report and Recommendation, the Magistrate Judge overstepped the authority granted to Magistrate Judges under 28 U.S.C. § 636. Second, he asserts that this Court does have subject matter jurisdiction over the claims he is raising, contrary to the Magistrate Judge's conclusion. After review, the Court overrules Plaintiff's Objections.

### A. Magistrate Judge Powers

The local rule of this Court provides that a magistrate judge is empowered to perform all duties prescribed by 28 U.S.C. § 636(a). W.D. MICH. LCIVR. 72.1. Under the statute, a district judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive matters. 28 U.S.C. § 636(b)(1)(B). Under Local Civil Rule 72.2, a Magistrate Judge may act on any non-dispositive matter without a specific referral. Nothing prohibits a Magistrate Judge from issuing a Report and Recommendation on a dispositive matter in a case to which the Magistrate has been assigned. In issuing the report and recommendation on a dispositive matter, the Magistrate Judge acted as authorized by statute and this Court's practice.

It is true that the record does not include an explicit reference of the matter to the Magistrate Judge for IFP screening. However the Court discerns no prejudice in this regard because the Magistrate Judge was assigned to the case generally, and, the Court routinely refers pro se IFP cases to Magistrate Judges for a determination on pauper status and for statutory screening under 28 U.S.C. § 1915. If a plaintiff disagrees with the Magistrate Judge's recommendation, the plaintiff may object, as Plaintiff has done here, and receive a de novo review by the District Judge. Moreover, the Magistrate Judge was entirely correct that "[s]ubject-matter jurisdiction can never be waived or forfeited, and courts are obligated to consider sua sponte whether they have such jurisdiction." *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1058, 1064 (6th Cir. 2014) (internal quotation marks and citation omitted). Accordingly, the Court overrules Plaintiff's first objection that the Magistrate Judge exceeded his authority.

## B. *Rooker-Feldman*

The Court fails to see any merit in Plaintiff's second objection, which is a general objection to the Magistrate Judge's recommendation of dismissal. It is plain that to the extent Plaintiff is alleging damages from the State Court's order of eviction, the *Rooker-Feldman* doctrine precludes his claim. The *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment [in federal district court] based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002) (quoting *Johnson*). *Rooker-Feldman* is a narrow doctrine, "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings commenced and inviting district court review and

4

rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Based on this authority, Plaintiff's claims fall squarely under the *Rooker-Feldman* doctrine because Plaintiff seeks this Court's review of a State Court decision rendered prior to the commencement of the Federal District Court proceedings. In fact, as the Magistrate Judge emphasized, the relief Plaintiff expressly requests is a vacating and setting aside of all the State Court orders.

### C. Dismissal of Claims Potentially Outside the Rooker-Feldman Bar

There are two sets of claims in Plaintiff's motion that may not be precluded by *Rooker-Feldman*: the alleged fraud of Defendant and Defendant's counsel in the State Court; and the alleged conduct of the State Court Judge (to the extent Plaintiff complains of the Court's actions beyond the eviction order). Even though these claims may survive *Rooker-Feldman*, they are still subject to screening and dismissal under Section 1915(e).

To the extent Plaintiff wishes to pursue a claim of fraud against Defendant and its counsel, Plaintiff either brings a state law tort theory without alleging diversity of citizenship, or he is asserting constitutional claims against non-state actors. If Plaintiff proceeds under the tort theory, this Court lacks subject matter jurisdiction because both he and Defendants are Michigan citizens. 28 U.S.C. § 1332. If Plaintiff proceeds under the constitutional theory he fails to state a claim. To state a cause of action under 42 U.S.C. § 1983, "a plaintiff must allege the deprivation of a right secured by the United States Constitution or a federal statute by a person who was acting under color of state law." *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). An individual acts "under color of law" when the individual exercises "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County*

5

*v. Dodson*, 454 U.S. 312, 328 (1981). Plaintiff does not make these allegations, and could not make them in good faith because Defendant and its counsel are plainly private parties, not government actors. Accordingly, Plaintiff fails to state a claim. *See Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 253 (1st Cir. 1996) ("Since § 1983 is aimed at state action and state actors . . . persons victimized by the tortious conduct of private parties must ordinarily explore other avenues of redress.").

Finally, to the extent Plaintiff is complaining about the conduct of the State Court Judge, he cannot succeed.[1] The gravamen of Plaintiff's allegations is that the State Court was likely a victim of fraud, which allegedly led the State Judge to enter the challenged orders against Plaintiff. For reasons stated, any complaint trying to undo the order of eviction itself is barred by the *Rooker-Feldman* doctrine. Moreover, any argument relating to the State Judge's role in the alleged fraud fails to state an actionable claim because the State Court Judge is entitled to absolute judicial immunity from suit for money damages for "all actions taken in the judge's judicial capacity, unless [those] actions are taken in complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). There is no question that the State District Court was acting within its jurisdiction during the eviction proceedings. *See* MICH. COMP. LAWS 600.5744(1) ("the court entering a judgment for possession in a summary proceeding shall issue a writ commanding the sheriff, or any other official authorized to serve the process, to restore the plaintiff to, and put the plaintiff in, full

---

[1] Plaintiff does not identify a State Court Judge by name, and does not name any State Court Judge as a party. The Court is addressing the issue only because some of Plaintiff's allegations arguably claim the State Court judge was not merely a victim of the private parties' fraud, but complicit in it. To the extent Plaintiff is attempting to assert any claim against the State Court itself, as opposed to any particular State judge, the claim would be barred by the Eleventh Amendment. *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986).

6

possession fo the premises); *see also Clohset v. No Name Corp.*, 302 Mich. App. 550, 560 (Mich Ct. App. 2013) (stating "[d]istrict courts in Michigan have exclusive jurisdiction over civil matters where the amount in controversy does not exceed $25,000" and "district courts have equitable jurisdiction and authority concurrent with that of the circuit court with respect to equitable claims arising under chapter 57 of the Revised Judicature Act (RJA)") (citing MICH. COMP. LAWS § 600.5701 *et seq.*) (internal quotation marks omitted). Consequently, Plaintiff's Complaint is subject to dismissal of any claim made against the unnamed State Court Judge because it fails to state a claim. *See Marshall v. Bowles*, 92 F. App'x 283, 285 (6th Cir. 2004) ("A judge acts in the complete absence of all jurisdiction only if a matter was clearly outside the court's subject matter jurisdiction.").

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). The Magistrate's Report and Recommendation (ECF No. 5) is adopted to the extent consistent with this Order. A judgment consistent with this opinion and order will issue

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

This case is **DISMISSED**.


Dated:  March 21, 2019                    /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          CHIEF UNITED STATES DISTRICT JUDGE